Town of Kirkwood. v. Johnson.

TOWN OF KIRKWOOD, Appellant, v. JOHNSON.

In Banc, March 21, 1899.

1. **Appeals**: ISSUES MADE BY BRIEF. A constitutional question can not be injected into a case by the briefs and argument of counsel.

2. ———: ———: JURISDICTION. For jurisdiction of an appeal, the court will look to the record, and not to briefs of counsel; and unless the record shows that a question involving the construction of the Constitution was fairly and directly raised and passed upon in the trial court, the Supreme Court has no jurisdiction on that ground.

2. ———: ———: ———: CASE STATED. The town of Kirkwood was incorporated by special act of the General Assembly in 1865, and afterwards enlarged its boundaries by ordinance to include defendant's residence, and afterwards arrested him for keeping a dog without license contrary to one of its ordinances. He was fined, and appealed to the circuit court, and there by an agreed statement it was agreed that if the enlargement of the corporate limits was legal the fine could be imposed. The court by declaration declared that "on the pleadings and evidence plaintiff can not recover." The motion for a new trial did not raise a constitutional question. *Held*, that that question was not raised by the record and the appeal must be transferred to the proper court of appeals.

*Appeal from St. Louis County Circuit Court.*—Hon. RUDOLPH HIRZEL, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

J. T. JAMES and A. N. EDWARDS for appellant.

O. J. & R. LEE MUDD for respondent.

BRACE, J.—By an act of the General Assembly, approved February 20, 1865, "all that district of country known as section one in township 44, north of range 5, east, in the county of St. Louis," was incorporated "as a town" by the name of "Kirkwood" (Laws 1864-1865, 415), and since has continued to exercise municipal authority by virtue of that act and an act amendatory thereof approved February 27, 1869 (Laws 1859, p. 124).

By the ordinances of said town it is provided that "every person in the town of Kirkwood being the owner or keeper of a dog shall pay a yearly license of one dollar for each dog so kept," and it is further provided that "any person within the town of Kirkwood so keeping or owning a dog without having paid a yearly license thereon, shall on conviction be punished by a fine of not less than $3 nor more than $50."

Under the provisions of these ordinances this action was commenced before the recorder of said town to recover of defendant the penalty for keeping a dog in said town without license. The defense set up in the answer to the complaint was in substance that the defendant did not own or keep his dog within the corporate limits of said town. Upon a trial before the recorder, the defendant was convicted and fined ten dollars and appealed to the circuit court of St. Louis county, where the case coming on for trial the same was submitted by the plaintiff to the court upon the following agreed statement of facts and the ordinance therein referred to:

"It is hereby stipulated that the following may be taken as facts and as evidence in the above entitled cause.

"The plaintiff is·a municipal corporation created by the General Assembly of the State of Missouri by acts of said assembly, as follows:    An act entitled 'an act to incorporate the town of Kirkwood,' approved February 20, 1865.    And an act entitled 'an act to amend an act entitled "an act to incorporate the town of Kirkwood, approved February 20, 1865," ' approved February 27, 1869.    Copies of which said act are hereto attached and considered in evidence.

"That as such municipal corporation, the plaintiff has power to provide, by ordinance, for the imposition of a license tax against the resident owners and keepers of dogs within the corporate limits of plaintiff town.    That in the exercise of such power plaintiff did heretofore, by ordinance duly enacted, provide that 'any and every person being the keeper or owner of a dog, shall pay a yearly license of one dollar for each dog so kept or owned.'    And did further provide that for every violation of such first ordinance provision, there should be imposed a fine not less than three nor more than fifty dollars. That all such provisions are and were at all times within the power of plaintiff town as originally incorporated and established to make and enforce ordinances and were duly enacted and in force at all the times mentioned in the petition or information in the above cause.    That at all said times the defendant was and now is the owner and keeper of a dog, known and called as Major, and has not at any time paid to plaintiff town any license for keeping the same.

"That the territorial jurisdiction and corporate limits of plaintiff town, as fixed by said acts of the said General Assembly, are and have always been, except as hereinafter mentioned, coextensive with section one, in township 44 north, of range 5 east, in the county of St. Louis and State of Missouri.    That defendant Johnson does not now, nor ever did, live within said section one.    That by a certain alleged ordinance, designated as ordinance numbered 245, duly enacted according to all the forms of procedure and by·the corporate

authorities necessary for the passage of ordinances by the plaintiff town on the 16th day of August, 1897, the territorial limits and jurisdiction of plaintiff town were attempted to be enlarged and extended so as to embrace other and adjacent contiguous property. That defendant does now and at all times mentioned in the petition or complaint in the above cause, did live, reside with his family, and own and keep said dog, Major, in the territory so embraced and added to plaintiff town by said alleged ordinance. . That a copy of said ordinance is hereto attached and made evidence in this case. And it is further stipulated and agreed that if plaintiff at the time of the passage of said alleged ordinance had authority of law to extend its corporate limits by ordinance, and that said ordinance and said extension were a reasonable exercise of said power, and if said alleged ordinance is or has the force of valid and binding law, then a judgment in this cause may be rendered in favor of plaintiff and against defendant in the sum of three dollars and costs; otherwise judgment shall be in favor of the defendant and against the plaintiff for costs.

"It is agreed as the sense of this stipulation that nothing herein shall be deemed an admission by defendant that plaintiff has or at any time had any power or authority to extend its limits by ordinance, or that said alleged ordinance No. 245 is a valid and binding ordinance."

The plaintiff having rested his case on this evidence, the court at the instance of the defendant, gave the following declaration: "At the close of the evidence introduced on behalf of plaintiff, the court declares that on the pleadings and evidence the plaintiff can not recover;" found the issues for the defendant, and rendered judgment in his favor for costs. Within four days after the rendition of the judgment plaintiff filed its motion for a new trial, for the following reasons:

"1. The finding of the court in this cause is against the evidence and the law under the evidence.

"2.    The finding is for the wrong party.

"3.    The court erred in its construction of the law in its finding in this cause."

Which motion having been overruled, plaintiff filed the usual affidavit and prayed for an appeal to the Supreme Court. The appeal was granted with leave to file bill of exceptions in vacation, and the same having been filed in time, the transcript was sent to this court.

(1)    Counsel for appellant state in their brief that the case comes to this court for the reason that the finding of the trial court "was based upon a construction of the statute finding the law unconstitutional and void," and without stating what law, they proceed with the endeavor to maintain in argument the power of the town to extend its limits by the ordinance in question under the provisions of section 1880, Revised Statutes 1889, and the act amendatory thereof approved April 9, 1895. [Sess. Acts, 1895, p. 54.] And counsel for defendant in their brief state that the court sustained the demurrer to the evidence on the ground that that portion of said section 1880, purporting to give cities under ten thousand inhabitants and having a special charter power to extend their limits by ordinance, was unconstitutional and void; and then after arguing the inapplicability of that section to the town of Kirkwood, proceed to argue the unconstitutionality of that portion of said section.    So that, if a constitutional question could be injected into a case in this court by the briefs and arguments of counsel in this sort of way, it has been done in this instance.

But jurisdiction can not be conferred on this court in this way.    For jurisdiction we must look to the record, and not to the briefs of counsel, and unless the record shows that a question involving the construction of the Constitution was fairly and directly raised and passed upon in the trial court, this court has no jurisdiction on that ground.    [Baldwin v. Fries, 103 Mo. 286; Bennett v. Railroad, 105 Mo. 642;

Turley v. Barnes, 131 Mo. 548; Lang v. Callaway, 134 Mo. 491; Browning v. Powers, Adm'r, 142 Mo. 322.]

Upon no other ground could this court have appellate jurisdiction in this case and as it does not appear from the record, which is herein set out at length, that a question involving the construction of the Constitution was raised in, or passed upon by the trial court, and for aught that appears therein the same may have been decided upon other grounds, and without questioning the constitutionality of the statute referred to in the argument of counsel, or any other statute, the jurisdiction of this court does not appear, and the cause should be transferred to the St. Louis Court of Appeals, and it is accordingly so ordered.    All concur, except BURGESS, J., absent.