VANSANDT v. HOBBS, Appellant.

Division One, February 5, 1900.

| 153 | 655 |
| 157 | 519 |
| 153 | 655 |
| 173 | 322 |
| 176 | 48 |

Appeals: JURISDICTION : CONSTITUTIONAL QUESTION,: HOW RAISED. In an appellate court a case involving the construction of the Constitution of the United States or of this State, within the meaning of that section of the Constitution governing appellate jurisdiction, is one, only, wherein it plainly appears upon the face of the record in the appellate court that the question of a particular construction thereof was raised, passed upon and the ruling thereon excepted to in some appropriate manner, by the losing party, in the trial court. And unless the record shows such facts, the case will be transferred back to the court of appeals from which it came.

Transferred from Kansas City Court of Appeals.

REMANDED.

*Noah M. Givan* for appellant.

*Burney & Burney* for respondent.

BRACE, P. J.—In this action the plaintiff, as receiver of the Bank of Archie, in Cass county, appointed as such in an injunction proceeding instituted by the Secretary of State, under which said bank was closed on or about the twentieth of July, 1895, sues to recover damages in the sum of $770 from the defendant who was the then acting president of said bank, for the conversion to his own use of a promissory note for $750, described in the petition. The answer was a general

denial. · The case was tried before the court without a jury. At the close of the evidence the defendant asked the court for nine declarations of law.   Thereupon the case was taken under advisement until the next term, when the declarations of law asked for by the defendant were refused, and judgment rendered for the plaintiff for the sum of $758.   In due time the defendant filed his motions for new trial and in arrest of judgment, which having been overruled, he perfected his appeal to the Kansas City Court of Appeals, and in due time filed therein a certified copy of the record entry of the judgment and of the order granting the appeal, a printed abstract of the record, together with the statement, brief and argument of counsel, and in due time the plaintiff also filed an additional printed abstract of the record, together with the statement, brief and argument of his counsel.   Thereupon the court of appeals considered that the cause "involves a constitutional question" and ordered the same transferred to the Supreme Court. No additional papers have been filed in this court, but the case coming on to be heard in regular order on the last day of the October call of this term, was submitted on the record and briefs of counsel as made up in the court of appeals.

In the trial of almost any case, constitutional questions may arise and be passed upon; but, in an appellate court, a case "involving the construction of the Constitution of the United States or of this State" within the meaning of section 12, article VI of the Constitution, is one, only, wherein it plainly appears upon the face of the record in the appellate court, that the question of a particular construction thereof was raised, passed upon and the ruling thereon excepted to in some appropriate manner by the losing party, in the trial court. [Town of Kirkwood v. Johnson, 148 Mo. 632 and cases cited.]   We have searched in vain through this entire record to find such a construction, and failing to find it there, we fail to find that we have jurisdiction to determine this case, consequently it will have to be remanded to the Kansas

City Court of Appeals for determination, from which it was improvidently transferred to this court. It is accordingly so ordered.

All concur.