ROBERT C. WHITE LIVE STOCK COMMISSION COMPANY v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

### Division One, June 30, 1900.

**Appeals: FEDERAL STATUTE.** Where the record fails to show any ruling by the circuit court questioning the validity of any federal statute, or any ruling of the trial court upon any federal statute brought to the appellate court for review, there is nothing which gives the Supreme Court jurisdiction of the appeal in a suit for the recovery of $600, although the court of appeals has transferred the case to this court on the ground that "said cause involves the construction of the federal statutes." Nor has this court jurisdiction simply because the case involves the construction of a federal statute, but only where the validity of a federal statute is drawn in question.

Transferred from Kansas City Court of Appeals.

REMANDED.

*Edward C. Wright, Frank Hagerman.* and *Willard P. Hall* for appellant.

*W. O. Thomas* and *R. B. Garnett* for respondent.

BRACE, P. J.—This is an action to recover the value of forty-six head of cattle, alleged in the petition to be of the value of six hundred dollars, and to have been received by the defendant from the Minneapolis, St. Paul and Sault Ste. Marie Railway Co. at Minneapolis in the State of Minnesota to be delivered to the plaintiffs at Kansas City, Missouri, but which the defendant failed to deliver. The answer was a general denial. The case was submitted to the trial court upon an agreed statement of facts, in which it was agreed that "the amount plaintiff shall recover, if anything, shall not exceed $570.45 with 6 per cent interest from May

22, 1896." The plaintiff asked the court to declare the law to be "that upon the pleadings and facts agreed upon plaintiff is entitled to recover," and the defendant asked the court to declare the law to be "that plaintiff is not entitled to recover." The court gave the declaration of law asked by the plaintiff, refused that of the defendant, rendered judgment for plaintiff for the sum of $544.26, and thereupon in due time the defendant filed its motion for new trial on the grounds that the finding of the court "is against the law," "is against the evidence," "that upon the agreed statement of facts the finding should have been for the defendant," "and that the court erred in giving and refusing declarations of law." The motion for new trial being overruled, the defendant appealed to the Kansas City Court of Appeals, from which court the case was certified here on the ground "that said cause involves the construction of the federal statutes."

While by the Constitution exclusive appellate jurisdiction is vested in this court in cases where the validity of a statute of the United States is drawn in question (art. 6, sec. 12), we know of no constitutional provision vesting such exclusive jurisdiction in this court in cases merely involving the construction of the federal statutes. So far as the present case is concerned, however, the record not only fails to show any ruling by the circuit court questioning the validity of any federal statute, but any ruling of the trial court upon any of those statutes brought to the appellate court for review, and the record failing to show jurisdiction in this court, the case was improvidently transferred. [Vansandt v. Hobbs, 153 Mo. 655; Kirkwood v. Johnson, 148 Mo. 632 and cases cited.]

The cause will therefore be remanded to the Kansas City Court of Appeals for determination.

All concur.