## WESTMORELAND SPECIALTY COMPANY, Appellant, v. MISSOURI GLASS COMPANY.

**Division One, May 31, 1912.**

1. **CONSTITUTIONAL LAW: Validity of Federal Statutes.** The Supreme Court has no jurisdiction of a case involving merely the construction and application of a Federal statute, but only takes jurisdiction when the validity, legality or constitutionality of that statute has been raised in the trial court.

2. ————: **Appeal: Point Not Saved.** When the trial court has ruled that a statute does not apply to the cause on trial, and no exception or appeal has brought up that ruling for review, the constitutionality of that statute is not presented on this appeal from the judgment rendered in the cause upon another ground.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*E. T. Allen* and *C. B. Allen* for appellant.

*George W. Lubke* and *G. W. Lubke, Jr.* for respondent.

The trial court, having ruled that plaintiff was entitled to sue in the State court and that the statute forbidding pools, trusts, conspiracies and discriminations, did not apply to this case, but that plaintiff was not entitled to recover under the act of Congress; this was not a ruling whereby there was drawn in question the validity of the act of Congress. The jurisdiction of the Supreme Court of the State in such cases and where the amount involved therein is less than seventy-five hundred dollars applies only where the "validity" of the "statute or authority exercised under the United States is drawn in question." Sec. 12, Art. 6, Constitution. Compliance or non-compliance with an act of Congress does not involve the validity of it

so as to give the Supreme Court jurisdiction. Vaughn v. Railroad, 145 Mo. 57. Nor has the Supreme Court jurisdiction simply because the case involves the construction of a Federal statute but only where the validity of a Federal statute is drawn in question. Comm. Co. v. Railroad, 157 Mo. 518; Lail v. Express Co., 81 Mo. App. 232. And the question of the validity of the Federal statute must have been raised in the State court. Railroad v. Smith, 154 Mo. 300; Carlisle v. Railroad, 168 Mo. 652.

BOND, C.—Plaintiff, a foreign corporation, sued defendant, a home corporation, before a justice of the peace for the price of goods. The amount claimed to be due was $346.31. Defendant filed a formal answer containing a general denial and the further defense that the plaintiff was a corporation under the laws of Pennsylvania and was not authorized to transact business in this State at the time of sale and delivery of the goods to defendant, and hence could not maintain this suit; and for further defense alleged that at the time of the sale of said goods plaintiff was a member of an illegal pool, trust or combine formed to restrain trade or competition in the manufacture, purchase or sale of such products in the State of Missouri or elsewhere, setting out the members of the alleged combine; and alleged further that the aforesaid combine was in violation of the Anti-Trust Statutes of the United States, known as the Sherman Act. This last defense the court sustained and rendered judgment in favor of defendant, from which this appeal has been duly taken.

## OPINION.

I. The amount involved is far below the pecuniary limit of $7500 of the jurisdiction of the St. Louis Court of Appeals, to which the case would normally go on appeal unless its determination involved some ques-

tion which that court is precluded from passing upon by the Constitution of the State. The only theory upon which the right of appeal to this court could be sustained is that the validity of the Federal Anti-trust Act, known as the Sherman law, was drawn in question. The case involves, according to the issues presented and the finding of the lower court, the construction and application of a Federal statute in so far as the facts of the case bring it within the meaning and intent of the act, but the validity, legality or constitutionality of that statute is not questioned and was not raised in the lower court nor in the argument and brief of the appellant in this court. Under this state of the record we do not see any ground for the taking of the appeal to this court. [Comm. Co. v. Railroad, 157 Mo. 518; Vaughn v. Railroad, 145 Mo. 57; Lail & Hull v. Express Co., 81 Mo. App. 232; Carlisle v. Railroad, 168 Mo. 652.]

II.   The other defense in the answer is, that the plaintiff corporation, not having taken out a license in this State, is disentitled to bring this action under our statutes. [R. S. 1909, sec. 3040.] The trial court found that statute did not apply since it was not shown that the sale of the goods was made in this State. [Machinery Co. v. Ramlose, 231 Mo. 539; Book Co. v. Gillespie, 229 Mo. 397.] No exception nor appeal has brought up that ruling for review. Hence, if the constitutionality of the statute requiring foreign corporations to take out such a license was now questionable, it is not presented on this appeal. This case must be transferred to the St. Louis Court of Appeals. [R. S. 1909, sec. 2937.] It is so ordered.

*Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BOND, C., is adopted as the opinion of the court. All the judges concur; *Lamm, J.,* in result.