# THE STATE v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

### Division Two, December 4, 1917.

**APPELLATE JURISDICTION: Construction of Federal Statute.** The Supreme Court does not have appellate jurisdiction of a cause wherein a railroad company was fined one thousand dollars for shipping cars of cattle from Iowa into Missouri without having a certificate of inspection attached to the waybill, as provided by Sec. 717, R. S. 1909, on the theory that the Federal law on the subject has supplanted the State statute, and wherein the position of the State is not that the Federal statute is void, or that Congress had no power to pass it, but that it does not cover the subject-matter. The case does not involve the validity of the Federal statute, or the constitutionality of the State statute, but merely the construction of the Federal act.

Appeal from Grundy Circuit Court.— *Hon. Fred Lamb,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Fred S. Hudson* and *E. R. Sheetz* for appellant.

*Frank W. McAllister,* Attorney-General, for the State.

WILLIAMS, J.—Upon an information charging it with the violation of Section 717, Revised Statutes 1909, in that it shipped three carloads of cattle from Waucoma, Iowa, to Galt, Missouri, without having a certificate of inspection attached to the waybill as provided by certain rules promulgated by the Governor, State Veterinary and State Board of Agriculture under the authority of said statute, the defendant was tried before the circuit court of Grundy County, found guilty and a fine or penalty in the sum of one thousand dollars was imposed. Defendant appealed.

The only grounds now urged by the learned counsel for appellant in seeking a reversal of the judgment are stated in the brief as follows:

"First, that defendant's motion to quash the information should have been sustained, because in issuing of the rules and regulations by the Governor, the State Veterinary and the State Board of Agriculture, they failed to comply with the provisions of Section 717, and that the rules are broader than the statute, and that from first to last in the issuing of said rules and regulations the statute was in no wise followed, and as this is a penal statute subject to the rules of strict construction, nothing can be taken by intendment or read into the statute or a construction put upon it that the language of the statute does not fully bear out.

"Second, its demurrer should have been sustained, because it was an interstate shipment, and as Congress has legislated upon this subject, passed a quarantine law governing the shipment of cattle from one State into another the Federal law would prevail and the State law must therefore yield to the Federal, and if defendant is liable to a fine at all it would be under the Federal law and not under the State."

A suit under the above statute being in the nature of a suit to recover a penalty or at most to impose a fine for the commission of a misdemeanor (as defined in the statute), the amount of the penalty or fine imposed being only $1000, this court would be without jurisdiction of the appeal unless some constitutional or Federal question is presented for our review.

A mere reading of the alleged grounds of error above mentioned will disclose that no such question is there presented. The validity of no Federal statute is drawn in question nor is any portion of our State or Federal Constitution sought to be construed. The appellant's position is, that Congress has legislated concerning this exact subject-matter and that therefore the Federal statute supplants the State statute. The position taken by the State is not that the Federal statute is void, or that Congress has no power to pass such

an act, but that the Federal statute mentioned does not cover the subject-matter of this case. Under such circumstances a determination of the case involves not the validity, but merely the construction of the Federal act, and hence no question is involved conferring jurisdiction here. [Art. 6, sec. 12, Mo. Constitution; Carlisle v. Railroad, 168 Mo. 652; Live Stock Com. Co. v. C., M. & St. P. Ry., 157 Mo. 518; Schwyhart v. Barrett, 223 Mo. 497, l. c. 499; Specialty Co. v. Glass Co., 243 Mo. 356.]

The cause is therefore ordered transferred to the Kansas City Court of Appeals for determination. All concur.