State v. Raymond.

## THE STATE v. RAYMOND, Appellant.

Division Two, May 8, 1900.

|156 117|
| 91a 632|

Appeals: JURISDICTION: CONSTITUTIONAL QUESTION. An appeal in a criminal case otherwise appealable to a court of appeals, and by that court transferred to this court on the ground that a constitutional question is involved, can not be entertained by this court if the constitutional question was not at any time raised in the circuit court.

Transferred from Kansas City Court of Appeals.

REMANDED.

*J. F. Smith* for appellant.

*Edward C. Crow*, Attorney-General, *Sam B. Jeffries*, Assistant Attorney-General, and *H. C. Clark*, for the State.

GANTT, P. J.—The defendant was indicted in the Bates circuit court for keeping a bawdy house in violation of section 3811, Revised Statutes 1889.

She moved to quash because the indictment was too uncertain and indefinite to apprise her of the nature of the charge against her; that it failed to charge any offense under

the laws of this State, and for other defects as to particularity. The motion to quash was overruled and defendant excepted.

The cause went to trial and defendant was convicted, and her fine assessed at two hundred dollars.

She moved for a new trial on the ground that the court erred in overruling her motion to quash; that the court erred in admitting evidence; that the finding was against the law and the evidence. The motion was overruled and the defendant excepted.

A motion in arrest was filed renewing substantially the grounds of the motion to quash. This motion was also overruled and defendant excepted.

She thereupon perfected her appeal to the Kansas City Court of Appeals. In that court, for the first time, in her assignment of errors, she raised the question that the statute under which she was prosecuted was unconstitutional because the punishment was cruel and excessive. Thereupon the Kansas City Court of Appeals transferred the cause to this court "because said cause involves the construction of the Constitution of this State."

The record discloses that the so-called constitutional question was not raised at any stage of the cause in the circuit court either by the motion to quash, by objection to evidence, by instruction or by the motions for new trial or in arrest of judgment. To give this court jurisdiction, on the ground that the case involves the construction of the Constitution of this State, the record must show that the point was raised in the trial court, and the protection of the Constitution claimed by the losing party denied to him. [Holland v. DePriest, 130 Mo. 89; Lang v. Callaway, 134 Mo. 491; Parlin & Orendorff Co. v. Hord, 145 Mo. 119; Hulett v. Railroad, 145 Mo. 35; James v. Ins. Co., 148 Mo. 18; Oxley Stave Co. v. Butler County, 166 U. S. 648.]

As this court has no jurisdiction the cause is remanded to the Kansas City Court of Appeals. *Sherwood* and *Burgess, JJ.*, concur.