TOWN OF CANTON, Respondent v. W. W. McDANIEL, Appellant.

St. Louis Court of Appeals, January 21, 1902.

1. **Constitution of the United States, Construction of:** JURISDICTION OF COURT OF APPEALS: JURISDICTION OF SUPREME COURT: CONSTITUTION OF MISSOURI. Where an immunity is duly claimed under the Federal Constitution and the decision of the trial court is adverse thereto, a case is made involving the construction of the Constitution of the United States within the terms of the Missouri Constitution, article 6, section 12; and such case must be transferred to the Supreme Court (R. S. 1899, sec. 1657).

2. **Interstate Commerce Act.** The record in this cause is held to raise the question whether defendant is protected by the interstate commerce clause of the Federal Constitution against the imposition of a license for selling merchandise.

3. **Selling Merchandise Without License:** TOWN ORDINANCE: INSTRUCTION: TRIAL PRACTICE. An immunity claimed under the Federal organic law may be invoked by an instruction at the trial of a case for violation of a town ordinance against selling merchandise without a license.

Appeal from Lewis Circuit Court.—*Hon. E. R. McKee,* Judge.

TRANSFERRED TO SUPREME COURT.

*Jerry M. Jeffries* for appellant; *Edgar B. Tolman* of counsel.

(1) It is the contract of sale which passes the title, and not the payment of the purchase price or the delivery of the goods. Penn v. Hess, 17 L. R. A. 176; Connable v. Clark, 26 Mo. App. 162. (2) The title to unspecified goods sold, passes at the very instant the goods are designated under the terms of the contract. Andrews v. Cheney, 62 N. H. 404; Bank v. Bangs, 102 Mass. 291; Black on Sales, 122, 127; Benjamin on Sales, p. 358. (3) To constitute a sale between the parties, the actual delivery is not necessary. The exception is when the goods are a part of a larger mass from which they must be selected by counting or weighing, and then the sale is complete as soon as the separation is made, but no delivery or payment of the purchase price is necessary. Manufacturing Co. v. Jones, 64 Mo. App. 218. (4) A sale of goods to be delivered in the future is lawful. Crawford v. Spencer, 92 Mo. 498; Scott v. Brown, 54 Mo. App. 606; Connar v. Black, 119 Mo. 126. (5) The laws of the State of Missouri and of the town of Canton require every person dealing as a merchant to make a sworn statement of the amount of stock of goods on hands, at the time he begins business as a merchant and if he has been in the business for some time, of the greatest amount he has on hands at any one time between the first day of March and the first day of June of each year. This necessarily implies that the law requiring a merchant's license was intended only to affect those who have a stock of goods on hand and are ready to deliver the same to the purchaser as soon as the goods are ordered. State v. Railway, 116 Mo. 15.

(6) To be a merchant, the defendant must keep a stock of goods on hands and be ready to make delivery of the goods as soon as ordered.   Kansas City v. Loarher, 64 Mo. App. 604; State v. Martin, 5 Mo. 361; State v. Cox, 32 Mo. 566; State v. Whittaker, 33 Mo. 457; R. S. 1899, secs. 3540, 8546.

*O. C. Clay* and *A. F. Haney* for respondent.

(1) The court did not err in instructions declaring what constitutes a sale under the facts of this case.   A sale of personal property is a transfer of the absolute or general property in a thing for a price in money.   Milling Co. v. Ins. Co., 25 Mo. App. 259; Thompson & Co. v. Massey, 76 Mo. App. 197; Nance v. Metcalf, 19 Mo. App. 183; State v. Wingfield, 115 Mo. 428, 436; Benjamin on Sales (7 Ed.), sec. 1.   (2) Goods which are a part of a larger mass from which they must be separated by counting, weighing or measuring, or goods to be hereafter procured and supplied to the buyer, or to be manufactured for his use, are the proper subjects only of executory agreements, contracts for the future sale and delivery of them. Cunningham v. Ashbrook, 20 Mo. 553.   (3) When the agreement of sale is of a certain quantity of goods in general, without specific identification of them, the contract is merely an executory agreement and the property does not pass.   Hamilton v. Clark, 25 Mo. App. 428; Hatch v. Oil Co., 100 U. S. 124; Benjamin on Sales (7 Ed.), sec. 352.   (4) Where there is sale of goods in general, the title passes and the sale takes place when the goods are delivered, or when the goods are delivered and the purchase price paid, if such delivery and payment are made contemporaneous acts by the terms of the sale.   The sale of a specific chattel passes the property in it to the vendee without delivery.   But where there is a sale of goods generally, no property in them passes till delivery, because until then, the very goods sold are not ascertained.   Hamilton v. Clark, 25 Mo. App. 428; Benjamin on Sales (7 Ed.),

sec. 315; Hopkins v. Cowen, 47 L. R. A. 124; State v. Wern-
wag, 28 L. R. A. 297,   (5) Even in those cases where the
courts hold that the delivery of goods by the vendor to the
common carrier, when ordered by the purchaser to be shipped
to him, passes the title in the goods, such conclusion is based
on the doctrine that it is the act of delivery which passes the
title and that the delivery to the carrier is a constructive de-
livery to the purchaser.   Comstock v. Affoelter, 50 Mo. 411;
Graff v. Foster, 67 Mo. 512; Armentrout v. Railway, 1 Mo.
App. 158; Scharff v. Meyer, 133 Mo. 428; Dunn v. State,
3 L. R. A. 199; Herron v. State (Ark.), 10 S. W. 25; Ben-
jamin on Sales (7 Ed.) sec. 362.

BARCLAY, J.—This action was begun before Hon. John
M. Settle, recorder of Canton, Missouri, to enforce a penalty
denounced by an ordinance of that town against selling mer-
chandise in that municipality without first having obtained a
license to do so, from the proper local authority.   Defendant
was found guilty before the recorder and fined $20.   He ap-
pealed to the circuit court of Lewis county, where the cause
was tried anew before Judge McKee and a jury.   Defendant
was convicted there and fined $10.   He appealed from that
conviction to this court, after the usual formalities to obtain
a review.

Canton is a municipality governed by a special charter,
under which ordinances have been enacted requiring all per-
sons carrying on the business of a merchant or trader by sell-
ing or delivering any goods, wares or merchandise, to take out
a license, in default whereof any one so offending is declared
subject to fine, etc.

The facts out of which the prosecution arose are suffi-
ciently given in the statement on behalf of the appellant, the
greater part of which we adopt:

The defendant is a resident of Illinois and a traveling

salesman representing Loverin & Browne Company, dealing in groceries at wholesale in the city of Chicago in that State.

In the fall of 1900 the defendant, with his sample case and as such salesman, visited a number of the residents of Lewis and Clark counties, Missouri, and after exhibiting his samples took orders for groceries from those whom he visited. As the customer designated what goods he desired to purchase from Loverin & Browne Company, the defendant would enter in an order book the kind and quantity of goods desired and the price of the same. After the order was completed the defendant made a copy of the same and delivered it to the purchaser.

After a number of such orders were received, defendant sent to Loverin & Browne Company for the goods he had sold. They filled the order and in shipping the goods consigned the same to themselves and marked the bill of lading, "Deliver to the order of J. W. Ray." Mr. Ray is a grain merchant doing business in the town of Canton. When the goods reached Canton, Mr. Ray received them, and they were placed in his warehouse, from which place the defendant, acting under the directions of Mr. Ray, delivered the goods according to the previous orders and contracts made by him between Loverin & Browne Company and the purchaser.

No goods were delivered except those for which he had previously contracted to deliver and for which orders were taken and contracts made before defendant sent the order to Loverin & Browne Company. At the time of the delivery of the goods, the money for the same was paid to the defendant, who afterwards turned it over to Mr. Ray, he (Mr. Ray) having instructions from Loverin & Browne Company to see that no goods were delivered except such as were paid for. Mr. Ray acted as employee of Loverin & Browne Company and

    No money was paid by the purchaser at the time the order was given nor were any goods delivered at that time.
not as the representative of Mr. McDaniel, the defendant.

When the order was taken by Mr. McDaniel he had no goods on hand with which to fill the orders. He did not know at what place or on what day they would make delivery of the goods ordered and sold. But, according to arrangements at that time made, he afterwards notified each purchaser by mail, both of the time and place of delivery. Neither defendant nor the company had any goods within the State of Missouri at the time the orders for the same were taken. All of the goods delivered by the defendant in Canton (on the day he is alleged to have sold as a merchant) were shipped from Chicago, Illinois, to Canton, after orders were secured for the same from residents of Lewis and Clark counties, Missouri. At the time of the payment for the goods, according to previous arrangements and contracts, each of the purchasers paid his pro rata part of the freight charges on the goods from Chicago to Canton.

It was for delivering groceries in this manner that the defendant brought upon himself this prosecution, for dealing as a merchant without a local license.

I. One of the most important questions discussed in appellant's brief is the contention that defendant was engaged in interstate commerce, and, therefore, that the town of Canton had no power to impose a tax upon him or his business.

The defendant invoked the commerce clause of the Federal Constitution in the trial court by offering an instruction which the trial court refused, as follows:

"The court instructs the jury that the business engaged in by the defendant is regulated by interstate commerce law and the town of Canton can not impose taxes or license fees upon the same; your verdict will therefore be for the defendant."

Defendant duly saved an exception to the refusal of the instruction, and preserved it by bill of exceptions which has been made part of the record.

The decision of the trial court was against the immunity

which the defendant claimed and which he still claims under rulings of the Federal courts (and especially of the United States Supreme Court) interpreting the interstate commerce clause of the Federal Constitution.

The latest expressions of opinion in the Supreme Court of Missouri declare that a defendant may invoke the organic law of the United States by offering an instruction at the trial, as well as in other ways. State v. Raymond, 156 Mo. 117; Kirkwood v. Meramec Highlands Co., 160 Mo. 111. In the case at bar, defendant asked the trial court upon the undisputed facts to declare that the business pursued by the defendant was within the protection of the interstate commerce law, and that the town of Canton consequently could not lawfully impose a license fee upon said business. The court declined to so declare the law. A reasonable and fair interpretation of the defendant's request for said instruction requires us to hold that defendant thereby claimed the protection of the Federal Constitution. The instruction could have no other meaning. State ex rel. v. Court of Appeals, 97 Mo. 276. In this view of the case, the Supreme Court is the proper tribunal to adjudicate the Federal question so raised on the record. The case "involves the construction of the Constitution of the United States," within the meaning of the Constitution of Missouri (Const. 1875, art. 6, sec. 12).

We, therefore, transfer the cause to the Supreme Court (R. S. 1899, sec. 1657). *Bland, P. J.,* and *Goode, J.,* concur.