## KIMBLE v. ST. LOUIS & SUBURBAN RAILWAY COMPANY, Appellant.

### Division One, June 20, 1904.

1. **APPELLATE JURISDICTION: Constitutional Question: Rule.** The general rule is that in order to give the Supreme Court jurisdiction of the appeal on the ground that a constitutional question was involved at the trial, it must affirmatively appear that a constitutional right was denied the losing party in the trial court.

2. ————: ————: ————: **Nine-Jury Law: Unanimous Verdict.** The appellant properly challenged the validity of the constitutional amendment authorizing nine jurors to render a verdict in a civil case. *Held*, that his claim being that he was entitled to a unanimous verdict, and the verdict rendered being a unanimous one, the Supreme Court has no jurisdiction on the ground that the validity of the nine-jury law is involved.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Dawson & Garvin* and *Leonard Wilcox* for appellant.

*Bass & Brock* for respondent.

MARSHALL, J.—This is an action for damages for personal injuries alleged to have been caused by one of defendant's cars colliding with the rear of plaintiff's wagon, on Wash street, between Eighteenth and Nineteenth streets, in the city of St. Louis, on October 11, 1900. The damages claimed in the petition are two thousand four hundred dollars. There was a verdict and judgment for the plaintiff for one thousand dollars, and

the defendant appealed. The appeal was allowed to this court because at the trial the court instructed the jury that nine of their number could render a verdict and it was claimed that in so instructing the jury the court violated the Constitution of the State and of the United States.

The verdict of the jury, however, was *unanimous.* At the threshold of the case, therefore, it appears upon the face of the record that this court has no jurisdiction of this case. It is not contended that this court has jurisdiction upon any other ground than that the case involves the construction of the Constitution of the United States and of this State.

The general rule is that it must affirmatively appear that a constitutional right has been denied the losing party in the trial court. [Ash v. Independence, 145 Mo. l. c. 126; Vaughn v. Railroad, 145 Mo. l. c. 61; State ex rel. v. Smith, 150 Mo. l. c. 82; Coleman v. Cole, 158 Mo. 253; Ash v. Independence, 169 Mo. 77; Brown v. Railroad, 175 Mo. l. c. 188; State ex rel. v. Smith, 176 Mo. l. c. 48; State ex rel. Curtice v. Smith, 177 Mo. 69.]

In the case at bar the instruction of the court complained of authorized nine of the jurors to return a verdict. Defendant objected to the instruction and properly saved an exception, and if a less number than the whole panel had returned a verdict against the defendant, a constitutional question would be properly in the case, and this court would have jurisdiction. But here the verdict was unanimous. The claim of the defendant was that it was entitled to an unanimous verdict under the Constitution. The verdict rendered complied with defendant's claim. Hence, no constitutional guaranty, even according to defendant's contention, was denied to the defendant in the trial court. The instruction complained of afforded the foundation for a constitutional question, but the jury did not build upon that foundation, and, therefore, no right under the Constitution was

denied to the defendant, and hence there is no constitutional question in the case to give this court jurisdiction.

The case is therefore transferred to the St. Louis Court of Appeals.

All concur.