# SHAREMAN v. ST. LOUIS TRANSIT COMPANY, Appellant.

### Division One, February 15, 1905.

**APPELLATE JURISDICTION: Nine-Jury Law: Unanimous Verdict.**
Where the verdict of the jury is unanimous the constitutionality
of the law authorizing three-fourths of the jury in a court of
record to render a verdict in a civil cause, is not in the case,
and never was, and the appeal from a judgment for two thou-
sand dollars is to the proper court of appeals.

Appeal from St. Louis City Circuit Court.—*Hon.
Daniel D. Fisher,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*George W. Easley* with *Boyle, Priest & Lehmann*
for appellant.

The court erred in instructing that less than
twelve of the panel could render a verdict. This ap-
peal was taken before the constitutional question in-
volved had been passed upon by this court. We now
again present, but do not argue, the point.

*A. R. Taylor* for respondent.

BRACE, P. J.—This is an appeal by the defend-
ant from a judgment of the St. Louis circuit court
in favor of the plaintiff for the sum of two thousand
dollars in an action for personal injuries.

The appeal was taken at the February term, 1902,
of said court. Counsel for appellant in their brief say:
''The court of its own motion instructed that nine of
the jury could return a verdict herein and the verdict
was rendered by nine alone. This being before the
constitutional question, arising upon the adoption of

that constitutional amendment, had been passed upon by this court, the appeal was therefore taken to this court.''

It is true that the trial court did so instruct the jury, and that the appeal was taken before the decision in the case of Gabbert v. Railroad, Dec. 24, 1902, 171 Mo. 84. But the statement that the verdict was rendered by only nine of the jury is not borne out by the record. On the contrary, it thereby appears that the verdict was unanimous. The entry thereof and of the judgment thereon as they appear in the record are as follows:

''VERDICT.

''Hermina Shareman v. St. Louis Transit Co.

''We, the jury in the above-entitled cause, find for the plaintiff, and assess her damages at the sum of two thousand dollars.　　　O. H. PECKHAM,

''Foreman.

''And, thereupon, on the same day, the court rendered and entered judgment on said verdict in favor of the plaintiff and against the defendant for the sum of two thousand dollars and costs.''

So that, it appearing from the record that the verdict was unanimous, no right under the Constitution was denied by reason of such instruction, and there is no constitutional question in the case, nor ever was, giving this court jurisdiction. [Kimble v. Railroad, 183 Mo. 70; Meng v. Railroad, 183 Mo. 68; Portwright v. Railroad, 183 Mo. 72.]

The case is therefore transferred to the St. Louis Court of Appeals.

All concur.