## JULIA JACOBS v. CITY OF ST. JOSEPH, Appellant.

**Division One, May 29, 1907.**

**APPELLATE JURISDICTION: Constitutional Question.** Where the constitutional question is injected into the case by respondent raising in her brief, for the first time, the point that certain sections of the statutes, depended upon in the trial court by her as valid and pertinent to her case, are unconstitutional, but no such question was lodged in the petition, or instructions, or raised or passed upon in the trial court, the constitutional question is not in the case in such a way as to give the Supreme Court jurisdiction of the appeal.

Transferred from Kansas City Court of Appeals.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*James L. Wilson* and *G. L. Zwick* for appellant.

In order that the Court of Appeals be divested of jurisdiction on the ground that a construction of the Constitution is involved, it must plainly appear upon the face of the record in the appellate court that the question of a particular construction thereof was raised, passed upon and the ruling thereon excepted to in some appropriate manner, by the losing party, in the trial court. Vansandt v. Hobbs, 153 Mo. 655; Town of Kirkwood v. Johnson, 148 Mo. 632; Browning v. Powers, 142 Mo. 32. No such question was in any manner raised or passed upon; the point is for the first time attempted to be raised in respondent's brief. Baldwin v. Fries, 103 Mo. 287; Nall v. Railroad, 97 Mo. 75. The reason for such a ruling is very obvious. Constitutional objections, where they affect the rights of parties to the suit only, may be waived by them, as any other objections. Railroad v. Siefert, 41 Mo. App. 40.

*Chas. C. Crow* and *James M. Mytton* for respondent.

LAMM, J.—This case was certified here by the Kansas City Court of Appeals because a constitutional question is said to be involved and, therefore, that court had no jurisdiction.

It seems that defendant (a city of the second class) appealed from the judgment of the circuit court of Buchanan county, of date of February 4, 1904, in favor of plaintiff in the sum of three hundred and fifty dollars, for personal injuries received on an alleged defective sidewalk.

Among other contentions made, appellant seeks to reverse the judgment because respondent failed to comply with sections 5723 and 5724, Revised Statutes 1899, pertaining to cities of the second class. The record shows that respondent undertook to bring herself in her petition and proof within the terms, and if not the terms, then within the spirit and intendment, of said two sections, and tried her case on that theory. That is, she tried her case on the theory that those sections were valid and pertinent, and she now seeks to put new wine in an old bottle. In briefing her case for the appellate court her learned counsel for the first time injected an alleged constitutional question to the effect that said sections are unconstitutional. No such question was lodged in the pleadings; no such question was lodged in the instructions; no such question was raised or passed on, *nisi;* no such question appeared in the motion for a new trial; and the case was tried on no such theory.

In this condition of things, the question is: Has this court jurisdiction? That question, on the authority of an unbroken line of decisions, is not open to an affirmative answer. [State v. Raymond, 156 Mo. 117; Coleman v. Cole, 158 Mo. 253; Kirkwood v. Meramec

Highlands Co., 160 Mo. 111; Clark v. Porter, 162 Mo. 516; Hanlon v. Pulitzer Pub. Co., 167 Mo. 121; Ash v. Independence, 169 Mo. 77; Hardin v. Carthage, 171 Mo. 442; Brown v. Railroad, 175 Mo. 185; State *ex rel.* v. Smith, 176 Mo. 44; Kimble v. Railroad, 183 Mo. 70; City of Tarkio v. Clark, 186 Mo. 285; State *ex rel.* v. Bland, 186 Mo. 691; Excelsior Springs to use v. Ettenson, 188 Mo. 129; Shell v. Railroad, 202 Mo. 339. See also Railroad v. Siefert, 41 Mo. App. 40.]

The cause must be remanded to the Kansas City Court of Appeals for determination by that court. It is so ordered.

All concur, except *Woodson, J.,* who did not sit.