BENNETT V. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

DIVISION TWO.

Constitution : SUPREME COURT JURISDICTION. The supreme court has no jurisdiction of a cause on the ground that it involves the construction of the constitution of the United States or of this state, unless the record as it existed when the case was appealed shows that the constitutional question was fairly and directly raised in the trial court by some of the methods recognized by the practice and procedure of the court.

*Certified from St. Louis Court of Appeals.*

REMANDED TO ST. LOUIS COURT OF APPEALS.

*H. S. Priest* and *H. G. Herbel* for appellant.

*S. F. Andrews* for respondent.

MACFARLANE, J.—This case was appealed from the circuit court of the city of St. Louis to the St. Louis court of appeals, from which it was transferred to this court as involving the construction of the constitution of the United States. A statement pointing out the question involved is made by Judge THOMPSON of said court of appeals in his opinion, upon which the transfer was ordered, as follows :

" This is an action against a common carrier for damages for loss of certain cotton while in the hands of the carrier for transit. The cotton was shipped from a point in Texas, and was burned at Galveston, in the same state. The defendant, in his answer, pleads the following stipulation in the bill of lading and claims exemption from liability thereunder : ' The cotton aforesaid may pass through the custody of several carriers before reaching its destination, and it is understood as a part of the consideration for which the said cotton is received, that the exceptions from liability made by such carriers, respectively, shall operate in the carriage by them, respectively, of the said cotton, as though inserted herein at length, and especially that neither of said carriers or his company shall be liable for loss or damage of any kind occasioned by delays from any cause or change of weather, or for loss or damage by *fire*, or for loss or damage on seas, lakes, canals or rivers.' The plaintiff, in his reply, pleads the following statute of Texas : ' Railroad companies and other common carriers of goods, wares and merchandise, for hire, within this state, on land, or in boat or vessels on the waters entirely within the body of this state, shall not limit or restrict their liability as it exists at common law by any general or special notice, or by inserting exceptions in the bill of lading, or memorandum given upon the

receipt of the goods for transportation, or in any manner whatever; and no special agreement made in contravention of the foregoing provisions of this article shall be valid.' R. S. Tex., art. 278. To avoid the effect of this statute of Texas, the defendant takes the position that this is an interstate bill of lading; that, under the constitution of the United States, it is not competent for the legislature of a state to prescribe the terms of an interstate bill of lading, because so to do would be to assume to regulate commerce among the several states, a power which the constitution of the United States has vested exclusively in congress; and that the circumstance that the goods were lost within the state of Texas, and before they had passed beyond the boundaries of that state, does not take the case out of the principle. The position of the defendant is that, although by the opening clause of the bill of lading the defendant engaged to transport the goods only to Galveston, and there deliver them to a connecting carrier, yet this is controlled by that part of the bill of lading which states the destination of the goods as Greenville, Connecticut, and guarantees a through rate of freight at $1.13 per hundredweight.''

The question here presented is whether this court or the St. Louis court of appeals has appellate jurisdiction of the subject-matter of this case. It is quite clear that the jurisdiction is to be determined, not from what has been done in the appellate court, but from the record as it was when the appeal was taken. The jurisdiction is then fixed, and nothing the parties can do afterwards will change it.

The proposition then is, did the record in this case, when the appeal was allowed, present a question involving the construction of the constitution of the United States, or of this state. This must be determined by an inspection of the record itself as it came from the St. Louis circuit court.

The word "involving," as used by the constitution, in fixing the appellate jurisdiction of this court, implies that a constitutional question was raised in and submitted to the trial court, and that such court had the opportunity to pass upon it. It cannot be laid down by rule how every such question must be raised in the trial court, but it should, at least, be fairly and directly presented by some of the methods recognized by the practice and procedure of the court. *State ex rel. Campbell v. St. Louis Court of Appeals*, 97 Mo. 278 ; *Railroad v. Seifert*, 41 Mo. App. 37.

An examination of the record of proceedings of the circuit court of the city of St. Louis fails to show that any question involving the construction of the constitution of the United States, or of this state, was raised. This court has no jurisdiction of the appeal. The cause is remanded to the St. Louis court of appeals. All concur.