TURLEY v. BARNES *et al.*; DREW, *Plaintiff in Error.*

Division One, December 11, 1895.

1. **Appellate Practice**: BILL OF EXCEPTIONS: RECORD. Where no bill of exceptions is filed, copies of motions for a new trial and in arrest of judgment and exceptions to a referee's report contained in the transcript form no part of the record.

2. ———: CONSOLIDATION OF ACTIONS: CONSTITUTIONAL QUESTIONS. Error in the consolidation of two actions is one of practice and does not present a constitutional question within the appellate jurisdiction of the supreme court.

3. **Appellate Jurisdiction**: PRACTICE: CONSTITUTIONAL QUESTION. A constitutional question to be available as a ground of appellate jurisdiction must be distinctly raised in the trial court.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Willis H. Clark* for plaintiff in error.

(1) Plaintiff in error was not a party to action 87074; the consolidation of that action with action 86102, to which he was a party, was without authority of law, and by the judgment in such consolidated action plaintiff in error is deprived of his property without due process of law, and in violation of his rights under the constitution of the United States of America, and also under the constitution of the state of Missouri. R. S. 1889, sec. 2189; Const. U. S. Amend., art. 5; Const. Mo., art. 2, secs. 30 and 4. (2) The court erred in failing to suspend proceedings in the second action (86102) until the first action (87074) should have been tried and determined. *Sharkey v. Kiernan*, 97 Mo. 102. (3) Upon the facts found by the referee Turley is not entitled to any lien upon Mr. Drew's property. R. S. 1889, secs. 6723, 6709; *Uthoff v. Gerhard*, 42 Mo. App. 256; *Kling v. Railroad*, 7 Mo. App. 410; *Hoffman v. Walton*, 36 Mo. 613. (4) The judgment in awarding a lien upon Mr. Drew's property is erroneous and contrary to the evidence and the law. *Lingenfelder v. Brewery Co.*, 103 Mo. 578. (5) The judgment, in awarding costs in favor of Turley and including same in the lien award against Mr. Drew's property, is erroneous and contrary to the law. R. S. 1889, secs. 3318, 2926.

*W. B. Homer* for defendant in error.

(1) There is no constitutional question raised by this appeal. The plaintiff in error was properly served with due process and appeared at every step of the proceedings. Cooley's Const. Lim. [6 Ed.] p. 427 f. (2) There was no error in making Drew, the plaintiff in error, a party to the justice of the peace suit, and if

there were any error in such action he has waived the same by failing to object. All questions as to the proper parties must be raised by demurrer or answer. (3) The court's ruling as to costs was proper. *Lumber Co. v. Sanford*, 112 N. C. 655. (4) The judgment of the lien upon plaintiff in error's property is in proper form. *Bradish v. James*, 83 Mo. 313; *Brown v. Wright*, 25 Mo. App. 54; *DeWitt v. Smith*, 63 Mo. 263; *Holland v. McCarty*, 2 Mo. App. 82. (5) The plaintiff in error filed no bill of exceptions, and there is no error made in the record of which he can complain. *Jefferson City v. Opel*, 67 Mo. 394; *McKee v. Calvert*, 80 Mo. 348; *State v. Griffin*, 98 Mo. 674.

MACFARLANE, J.—It appears from the record that defendants John W. and E. C. Barnes under the firm name of J. W. Barnes & Company contracted with defendant Drew to make some improvements upon a building in the city of St. Louis. Barnes & Company sublet the carpenter's work to plaintiff Turley. Turley claimed to have completed the work and also to have done some extra work at the instance of Barnes & Company. On the other hand Barnes claimed that plaintiff did not complete the work and they completed it afterward.

Barnes sued Turley in a justice court for $82.65 for alleged damages for breach of contract. Turley claimed that Barnes & Company owed him $502.30 on the contract and for extra work. For this amount he filed a lien account, having given Drew, the owner of the building, due notice. He afterward commenced a suit in the circuit court against Barnes & Company on the account and to enforce a mechanics' lien on the building. Drew was made a party to this suit. Barnes & Company recovered judgment in the justice court for the full amount of their claim and Turley appealed.

to the circuit court. January 14, 1892, the lien suit was referred to Leonard Wilcox with direction to take an account.

On March 7, 1892, upon motion of Turley in the appeal case, to which Drew was not a party, the court ordered a consolidation of the two actions and directed that both be tried by the same referee. No notice was given Drew of this motion, nor did he consent to the consolidation. The referee heard the two cases together but reported them separately. In the appeal case he found that Turley owed Barnes & Company $45.85 for breach of the contract. In the lien case he found that Barnes & Company owed Turley, after deducting the $45.85, the sum of $24.35.

The reports were confirmed by the court and judgment was rendered against Barnes & Company for $24.35 and costs, and a lien was declared on the property of Drew and special execution awarded. Drew brings the case to this court by writ of error, on the constitutional ground that by the proceedings and judgment he is deprived of his property "without due process of law."

No bill of exceptions was filed by plaintiff in error, and while copies of what purport to be motions for new trial and in arrest of judgment, and exceptions to the referee's report, are found in the record, they form no part of it, and errors, if any, appearing therefrom can not be considered. No errors are, therefore, reviewable, save what appear upon the record proper.

Plaintiff in error was made a party defendant in the mechanics' lien suit; he was duly served with process and appeared and answered thereto. The record fails to show that he was denied any right therein which makes up what is termed under the constitution "due process of law." He was not denied the right to appear and be heard by testimony or otherwise, and to

defend his constitutional rights according to the usual course of judicial procedure in this state.

But it is claimed that the case to which he was called to answer was consolidated with one to which he was not a party and by that means he was denied due process of law. The action of the court may have been erroneous in making the order consolidating the two causes, but that was a mere matter of practice and infringed no constitutional right. At most it was but a question of error which, if erroneous, he could have had corrected on appeal or writ of error by an appellate court if proper steps to secure a review were taken.

We do not think a constitutional question is fairly involved in this appeal even when considering all the matters which are brought here without exception.

But on examination of the record it fails to disclose the fact that any objections were made to the proceedings, on constitutional grounds, in the circuit court. The jurisdiction of appellate courts, when invoked on such grounds, must appear upon the records brought to such court for review. The record must show that the question was fairly and directly raised in the trial court in some of the methods recognized by the practice and procedure of that court. A constitutional question "can not be injected into the cause for the first time in the appellate court by argument or brief of counsel." *Baldwin v. Fries,* 103 Mo. 287, and cases cited; *Bennett v. Railroad,* 105 Mo. 644.

This court has no jurisdiction of the cause and it is, therefore, transferred to the St. Louis court of appeals for determination. Mo. App. Prac. 119; R. S. 1889, sec. 3300. All concur.