# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

# STATE OF MISSOURI

AT THE

## APRIL TERM, 1897.

### (Continued from Volume 140.)

---

THE STATE ex rel. MULHOLLAND v. SMITH et al., Judges.

In Banc, July 6, 1897.

1. **Appellate Jurisdiction**: CONSTITUTIONAL QUESTION. .Where a case is submitted to a trial court on an agreed statement which shows that the only defense rests on the claim that a vested right under the organic law is invaded, and the court decides in favor of that defense, an appeal from the decision involves a constitutional question which brings the case within the jurisdiction of the Supreme Court although no specific reference was made to the Constitution in the agreed statement or otherwise in the record in the trial court. (MACFARLANE and BURGESS, JJ., dissenting.)

2. **Practice**: EXCEPTIONS. A party need not except to a ruling which accords to him a constitutional right.

3. **Harmless Error.** A decision of a trial court if correct will be sustained even though based on erroneous reasons.

4. **New Questions on Appeal.** It is a general rule that no one should be allowed to invoke on appeal any provision of law (organic or statutory) unless he has given the trial court opportunity to pass on the bearing of that law upon the case.

5. **Optional Instructions.** When a case is submitted on an agreed statement of facts, there is no need to ask any findings or declarations of law; but any proposition of law applicable to the facts agreed upon is available to either party.

6. **Mandamus to Court of Appeals.** Where a court of appeals declines on motion to transfer to the Supreme Court a cause involving a constitutional question, *mandamus* will lie to require the transfer to be made.

## *Mandamus.*

PEREMPTORY WRIT AWARDED.

By this action, original here, relator endeavors to obtain a peremptory *mandamus* against the judges of the Kansas City Court of Appeals to compel the transfer of a cause to the Supreme Court.

In response to an alternative writ the defendants filed a return, to which relator made reply. Relator then prayed a peremptory writ on the facts admitted.

There is no controversy as to the facts. The substance of the case is as follows:

November 25, 1891, a complaint was filed before Judge HUNTER, police judge of the city of Westport, in a cause entitled, "*City of Westport v. J. W. Mulholland*," wherein the marshal of that city charged defendant, Mr. Mulholland, with having "dug up, and into, and obstructed and defaced, one of the public streets" of said city, without first obtaining permission from the board of aldermen. The defendant appeared, pleaded "not guilty," and had a trial before the police judge. The result of the trial was that he was fined $25 and costs. He then appealed to the criminal court of Jackson county, where another trial was had before the court, a jury having been waived. On that occasion the case was submitted on an agreed statement, which (omitting only the caption and signatures) is as follows:

State ex rel. v. Smith.

"The following facts are agreed to between the parties to the above entitled cause:

"1.   In 1887 the county court of Jackson county, Missouri, duly granted its assent to the Grand Avenue Railway Company, its successors and assigns, a railroad corporation, for the construction and maintenance of its railroad on the then road known as Rosedale avenue, near the Missouri and Kansas state line, and that immediately thereafter said Grand Avenue Railway Company constructed its railroad on said Rosedale avenue and has ever since operated the same thereon.

"2.   That afterward, to wit, April, 1891, the said city of Westport extended its corporate limits westward to the Missouri and Kansas state line, so that thereafter said part of Rosedale avenue, upon which said railroad was constructed, was and is in the corporate limits of the said city of Westport.

"3.   On the twenty-fifth day of November, 1891, the defendant in this case was a servant in the employ of said Grand Avenue Railway Company, and as such servant was then and there engaged in digging in, and tearing up, said Rosedale avenue in reconstructing a switch therein near said Darragh avenue, for the purpose of switching the cars, operated upon said road; said Darragh avenue being substantially the western terminus of said railroad, and said switch being necessary for the operation of said railroad.

"4.   That neither said Grand Avenue Railway Company nor said defendant had any authority for doing the work as aforesaid except the said assent of said county court of Jackson county, Missouri, granted and made of record as aforesaid, and that no other or additional authority for so doing was obtained from the board of aldermen of the city of Westport, or from any other person or persons.

"5.   That on said twenty-fifth day of November, 1891, there was in force in said city of Westport an ordinance, a certified copy of which is hereto attached and made part hereof.

"6.   It is further agreed by and between the parties to this cause that the other cases, five in number, now pending in this court, in which the said city of Westport is plaintiff, and employees of said railway company are defendants, shall abide the determination of the issues of this case, and the same judgment shall be rendered therein as may be finally rendered in this cause."

The ordinance annexed to the foregoing statement was the one which defendant was charged with violating.   The gist of it is that no person shall tear up, dig up, or otherwise interfere with, any of the streets or alleys of the said city, without permission first obtained from the board of aldermen, under penalty of being convicted of a misdemeanor and fined not less than $25 nor more than $500.

The agreed statement was signed by counsel for the city and by counsel for defendant.   The cause was then submitted.

No instructions or declarations of law were asked by either party, or given by the court.

Thereupon the court found for the defendant, and adjudged that he be discharged.   The plaintiff city moved for a new trial, and its motion was overruled in due time.   Then the city appealed to the Kansas City Court of Appeals, where the cause was fully heard, and a conclusion was reached which can perhaps be best described by quoting the last lines of the learned opinion of that court:

"We are of the opinion that the defendant should have been convicted, and we will reverse the judgment and remand the cause that such judgment may be en-

tered, and such punishment fixed as may be determined by the trial court.   All concur.''

In the brief filed on behalf of the defendant (Mulholland) in the Kansas City Court of Appeals appear the following passages, in connection with other arguments presented to that court:

''When the city of Westport so extended its corporate boundaries as to include within the same a part of the county road known as Rosedale avenue, over which the Grand Avenue Railway Company had previously acquired from the county court the right to construct, maintain and operate its railroad, the rights of the railway company over the public highways remained the same after the extension of the city's limits as before.   Under the Constitution and laws of the land, the municipality was powerless to abridge, interfere with, or in any way affect those rights.'' . . . . . . .

''Obviously, upon the clearest consideration of law and justice, the grant of authority to the company, when accepted and acted upon, became an irrevocable contract, and the city is powerless to set it aside or to interpolate new and more onerous conditions therein. Such has been the well recognized doctrine of the authorities since the *Dartmouth College* case.  . . . . . It seems to be a contradiction in terms to speak of a contract revocable at the will of one of the contracting parties.  . . . .  The obligation of a contract, made between parties competent to contract, can not be impaired at the option of one of the contracting parties.  .   .   .

''If it be necessary for the street railway company to obtain such permission from the board of aldermen, it necessarily follows that such permission might be refused, the power to grant necessarily including the power to refuse, and such power to refuse would obviously nullify the right which was granted by the

county court to the street railway company to construct,
maintain and operate its railway, and would conse-
quently be a violation of the obligations of the contract
made between the street railway company and the
county court, which were necessarily assumed by the
city when it extended its corporate limits and took
jurisdiction over the former county road.  . . . . . . .

"As applied to the control of street railways, the
police power is the continuing and paramount authority
of the legislature, within its constitutional prerogatives,
and of municipal corporations, under their delegated
powers, to establish regulations which promote the
public welfare, and do not unreasonably interfere with
the franchise, management or business of the com-
pany, or violate the obligations of any valid contract.
. . . . . . .  The ordinance in question . . . thus . . .
violates the obligations of a valid contract."  . . . .

"Except in accordance with the view of the ordi-
nance above taken, the same can not be upheld, because
it would be subversive of the constitutional inhibition
against the passage of any law impairing the obliga-
tion of contracts.   In fact, we contend that, as against
the street railway company, and hence as against this
defendant who was acting only as its servant in the
work referred to, the ordinance is unconstitutional and
void, and inasmuch as cases involving such questions
are only cognizable by the Supreme Court, we suggest
the propriety of this case being transferred to that
tribunal, unless this court should be of the opinion
that the view of the ordinance presented under the
third subdivision of this brief renders the decision of
the constitutional question unnecessary.

"It is respectfully submitted that, whether this
case be finally determined by this court or by the
Supreme Court, the judgment of the criminal court
ought to be affirmed."

After the judgment of reversal in the Kansas City Court of Appeals and the overruling of Mulholland's motion for rehearing, he made at the same term a formal application for a transfer of the case to the Supreme Court because of the constitutional questions involved, and because of alleged want of jurisdiction in the court of appeals.

Then the pending application for *mandamus* was made.

All the other essential facts appear in the opinion of the court *in banc*.

*Karnes, Holmes & Krauthoff* for relator.

(1) Prosecutions by municipal corporations against offenders for violations of city ordinances imposing a fine or penalty therefor are civil actions and not criminal proceedings. *City v. Smith*, 10 Mo. 440; *City v. Knox*, 74 Mo. 81; *City v. Clark*, 68 Mo. 588; *City v. Vert*, 84 Mo. 204; *City v. Ford*, 40 Mo. App. 586; *City v. Brown*, 44 Mo. App. 148; *City v. Neal*, 49 Mo. App. 72. (2) Where an action is submitted to the trial court without a jury on an agreed statement of facts, no instructions or declarations of law are necessary in order to raise any question whatsoever which might arise on the state of facts agreed to. *Munford v. Wilson*, 15 Mo. 558; *Stone v. Corbett*, 20 Mo. 352; *State v. Mackey*, 55 Mo. 55; *Shaw v. Padley*, 64 Mo. 521; *Gage v. Gates*, 62 Mo. 412; *Walter v. Ford*, 74 Mo. 199; *Carr v. Coal Co.*, 96 Mo. 155; *Payne v. Bank*, 43 Mo. App. 381; *Bruen v. Fair Association*, 40 Mo. App. 431; *Holden v. Vaughan*, 64 Mo. 590; *Henry v. Bell*, 75 Mo. 198. (3) The constitutional question, on which Mr. Mulholland has relied from the very beginning, both for his vindication and to sustain the judgment of acquittal, sufficiently appears from the transcript. *State ex rel. v.*

*Court of Appeals*, 97 Mo. 282; *Sanders v. Anchor Line*, 97 Mo. 26; *State v. Dinnisse*, 109 Mo. 439; *Schuster v. Weiss*, 114 Mo. 158; *Ice Co. v. Tamm*, 59 Mo. App. 57; *State v. Caldwell*, 57 Mo. App. 447; *St. Charles v. Hackman*, 133 Mo. 641.

*A. S. Marley* for respondent.

(1) The appeal must be tried by the record. *Stegman v. Berryhill*, 72 Mo. 307; *Turley v. Barnes*, 131 Mo. 548; *Hyatt v. Wolfe*, 22 Mo. App. 191.   (2) The record as embodied in a properly prepared and duly authenticated transcript imports absolute verity. *Stegman v. Berryhill*, 72 Mo. 307; *Wells v. Lea*, 20 Mo. App. 352; *Christian v. Wight*, 19 Mo. App. 165; *Walls v. Railroad*, 60 Ind. 56; *Meridith v. Lackey*, 14 Ind. 529; *Beaver v. State*, 58 Ind. 530; *Thames Land Co. v. Beville*, 100 Ind. 309; *Dugan v. Higgs*, 43 Mo. App. 167.   (3) The record must show that the constitutional question was fairly and directly raised in the trial court in some of the methods recognized by the practice and procedure of that court.   A constitutional question can not be injected into the cause for the first time in the appellate court by the argument of brief of counsel. *Turley v. Barnes*, 131 Mo. 548; *State v. Metcalf*, 130 Mo. 505; *Bennett v. Railroad*, 105 Mo. 644; *Baldwin v. Fries*, 103 Mo. 287; *St. Joseph v. Dye*, 38 S. W. Rep. 942; *McCarty v. O'Bryan*, 38 S. W. Rep. 456.   (4) This is in the nature of a civil action.   *St. Joseph v. Dye, supra; St. Louis v. Weitzel*, 130 Mo. 600; *St. Louis v. Schoenbusch*, 95 Mo. 618; *St. Louis v. Vert*, 84 Mo. 204; *St. Louis v. Knox*, 74 Mo. 79; *Kansas City v. Muhlback*, 68 Mo. 638; *De Soto v. Brown*, 44 Mo. App. 148.   (5) Constitutional objections, where they effect the rights of the parties to the suit only, may be waived by them as any other objection.   *Railroad v. Siefert*, 41

Mo. App. 35; *Baker v. Braman*, 6 Hill, 47; *Lee v. Tillotson*, 24 Wend. 339.

BARCLAY, C. J.—The present demand for a peremptory writ of *mandamus* against the learned judges of the Kansas City Court of Appeals is founded on the facts given in the statement introducing the report of the case at bar.

The relator claims that the original cause of the *City of Westport v. Mulholland* falls within the cognizance of the Supreme Court because it involves "the construction of the Constitution of the United States," and also of the Constitution of Missouri. Const. 1875, art. VI, sec. 12.

The defendants' counsel insist that no question of the construction of any Constitution was raised in such a way in the trial court as to bring the case within the jurisdiction of the Supreme Court on the ground claimed by relator.

The hearing in the criminal court was had on an agreed statement of facts. The judgment there was in favor of the defendant. Hence no occasion arose for Mulholland to except to the action of the criminal court, or to file any motion there asserting any constitutional provision as a shield against the punishment demanded by the city for breach of its ordinance. He had pleaded "not guilty," and had gone to judgment on the facts admitted. On the appeal of the city from the judgment in his favor, is he not entitled to advance any theory of law that will sustain the trial court's result?

It has become settled law in Missouri that the decision of a trial court will not be reversed if it is found to be correct even though it was actually based on erroneous reasons. *Bissell v. Warde* (1895) 129 Mo. 439 (31 S. W. Rep. 928).

It must be conceded, as a general rule, that no one should be allowed on appeal to successfully invoke the protection accorded him by the provisions of the organic law (or of any other law, for that matter) unless he has given the trial court, in some appropriate manner, opportunity to pass upon the bearing of that law upon his case. *Bennett v. Railroad* (1891) 105 Mo. 642 (16 S. W. Rep. 947); *Turley v. Barnes* (1895) 131 Mo. 548 (33 S. W. Rep. 172).

But what is necessary to be done to raise a question of constitutional law, or any question of law, in the trial court where a controversy is submitted for judgment upon an agreement of counsel as to all the facts involved? It has been held from a very early day in Missouri that there is no need to ask any findings of fact or any declarations of law in such a case. *Stone v. Corbett* (1855) 20 Mo. 350; *White v. Walker* (1856) 22 Mo. 433.

It is the province of the court to apply all the existing law to the facts agreed, and to pronounce. thereon the proper judgment. Any proposition of law applicable to the facts is available to either party in the trial court. And when the cause, in the shape described, has been properly removed to an appellate court for review, any proposition of law found by the court to be applicable to the agreed facts may be relied upon there by either party, if nothing has occurred to indicate a waiver thereof.

It certainly would be odd to declare that all sorts of ordinary legal theories, applicable to agreed facts, might be argued on appeal (whether shown to have been called to the attention of the trial court or not) and yet to hold that no rule of conduct dependent for its sanction on the organic charter of the State could be so invoked!

It appears to us that legal propositions founded on

the organic law, no less than those deriving their force from law of lesser authority, may be considered on an appeal in such a case.

Persons who put cases into shape for judgment on agreed facts are assumed to do so with the knowledge that any law justly applicable to those facts may be resorted to by either party, and that the right to claim the benefit of any law that fits the agreed facts exists on appeal as well as in the court of first instance.

In the case at bar the breach of the city ordinance is expressly admitted by the agreed statement. The only possible defense is that the enforcement of the ordinance would infringe on the vested rights of the railroad company, whose agent Mulholland was. Such rights (if really vested, as claimed) are protected by the organic law. The question whether or not the defendant (as an employee of the railroad company) was entitled to act in disregard of the ordinance, because of the protection given by the Constitution to the vested right of the railroad company, was a question whose solution required a construction of the Constitution of Missouri, if not of the federal Constitution.

On the facts as settled by the agreed statement, the judgment of the criminal court was necessarily based on the proposition that the vested right of the railroad company was paramount to the city ordinance. When the judgment of a court, on agreed facts, obviously and necessarily comprehends a decision on a question of constitutional right, that question is "involved" in the judgment. *Kaukauna Co. v. Green Bay etc. Co.* (1891) 142 U. S. 254.

The merits of the question of constitutional construction are not now before this court. We have only to decide whether or not such a question is involved in the original action as it stands on appeal in the Kansas City Court of Appeals.

In our opinion the *Mulholland* case does involve the construction of the Constitution of Missouri. Hence we award a peremptory *mandamus* to require the transfer of that case to the Supreme Court. GANTT, SHERWOOD, ROBINSON and BRACE, JJ., concur. MAC-FARLANE and BURGESS, JJ., dissent.