ASH et al. v. CITY OF INDEPENDENCE, Appellant.

Division Two, May 27, 1902.

1. **Pleading**: CONSTITUTIONALITY OF STATUTE. A general allegation that a statute is unconstitutional and void is not sufficient. The specific provision of the Constitution infringed upon by the statute should be pointed out in the pleadings.

2. **Practice**: CONSTITUTIONALITY OF STATUTE: ARISING AT TRIAL. Where the constitutionality of a statute arises, not from the pleadings, but for the first time at the trial because of a construction placed on the statute by the trial court, the objection to its unconstitutionality must be distinctly stated, and the section and article of the Constitution which it violates pointed out, and if the objection is overruled it must be preserved on the record.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Paxton & Rose* for appellant.

*L. A. Laughlin* for respondents.

GANTT, J.—This cause was appealed to this court once before, but we declined to take jurisdiction for the reason that the only possible ground on which the appeal could be enter-

tained in this court was that it involved a constitutional question and that question had been resolved by the circuit court in favor of the then appellants, the plaintiffs, Ash and Gentry, and no rights of theirs had been impaired by the ruling of the circuit court in that respect. [Ash v. Independence, 145 Mo. loc. cit. 124-5.]

So holding, this court transferred the cause to the Kansas City Court of Appeals, which court reversed and remanded the cause. [Ash v. Independence, 79 Mo. App. 70.]

It was pointed out in the opinion of this court that said alleged constitutional question was not raised in the pleadings as they then stood. After the cause was remanded, the defendant filed an amended answer, evidently intending to cure the defect in the former answer as to pleading the unconstitutionality of the statute under which the contract was charged to have been made and the street grading done.

As amended the sixth paragraph of the answer alleges that "section 4942 of the Revised Statutes of Missouri for 1879, under which the alleged work was done and the taxbills were issued, is unconstitutional and void, inasmuch as it provides for an illegal method of doing the work and making the assessment, and for this reason the contract with the city and the whole proceedings set forth by plaintiffs were void and defendant is not liable in damages." It will be observed that the answer does not state in what the unconstitutionality of the act consists; whether it collides with the Constitution of the United States, or the Constitution of this State, or whether it infringes some specific provision in one or both. Each of said constitutions contains guarantees for the protection of our citizens, and they may invoke them in a State as well as in a Federal court. To say merely that an act is unconstitutional indicates nothing. While it is true, as was said in Bennett v. Railroad, 105 Mo. loc. cit. 645, "it can not be laid down by rule how every such question must be raised in the trial court, it should, at least, be fairly and directly presented by some of

the methods recognized by the practice and procedure of the court," and when, as in this case, the party seeking its protection was advised, at the time of filing its answer, of the statute which it asserts is unconstitutional, and that the rights of the opposite party would be predicated on such statute, it is his, or its, plain duty to plead the unconstitutionality of the statute and point out the specific provisions of the Federal or State Constitution or of both (if such is the case), which it will insist is infringed by such statute, or if the question arises for the first time during the trial by reason of a construction put upon a statute or proceeding by the trial court, the objection that such a construction would violate a constitutional right of the party against whom it is made, must indicate distinctly what article or sections of the Constitution, Federal or State, or both, which he conceives is violated, and if overruled, it must be preserved on the record, so that the appellate court shall be advised what question the trial court had before it for its decision and what it decided. Unless this is done, it requires little stretch of the imagination to conceive of a party, under the general allegation of unconstitutionality found in this answer, urging a violation of one section or article of the State or Federal Constitution, and obtaining an adverse ruling thereon, and on appeal to an appellate court, insisting that a different provision of the Constitution has been violated, and one which was not called to the attention of the circuit court, and upon which it had made no ruling and had no opportunity to correct.

Without, therefore, endeavoring to formulate for every case which may arise, or specifying the form in which a constitutional question must be raised in every case, and without reviewing all of our decisions on that subject, we are of opinion that the answer of the defendant in this case in its mere general averment of the unconstitutionality of section 4942, Revised Statutes 1879, without indicating the section or sections or articles of either the State or Federal Constitution

which was violated, is too indefinite to raise a constitutional question so as to give this court jurisdiction of this appeal, and it is therefore within the jurisdiction of the Kansas City Court of Appeals.    [Ash v. Independence, 145 Mo. 125; James v. Reserve Assn., 148 Mo. 18 and 19; Oxley Stave Co. v. Butler Co., 166 U. S. 648.]

The cause is ordered transferred to the Kansas City Court of Appeals.    All concur.