THE STATE ex rel. KANSAS CITY LOAN GUARANTEE COMPANY v. SMITH et al., Judges.

In Banc, June 15, 1903.

1. **Appellate Jurisdiction**: CONSTITUTIONAL QUESTION: HOW RAISED. The court to which an appeal must go is determined solely by the record of the case made in the trial court, and in order to bring the appeal within the jurisdiction of the Supreme Court on the ground that it is a case involving the construction of the Constitution, it must clearly appear from that record, either, that a constitutional construction was essential to the determination of the case, or, that the protection of the Constitution was expressly invoked, was denied by the trial court, and its ruling thereon was excepted to and saved for review in some appropriate manner by the losing party.

2. ――――: ――――: ORDINANCE: ISSUE OF VALIDITY. Where the auditor of a city sets up as a defense for his refusal to deliver to an assignee a warrant drawn in favor of a city employee that he is "prohibited by ordinance from delivering warrants to any other person than the employee," a general allegation in relator's return that said "ordinance is null and void," and a like objection to its introduction in evidence, do not necessarily challenge the constitutionality of the ordinance, and, hence, do not give the Supreme Court jurisdiction.

## Mandamus.

PEREMPTORY WRIT DENIED.

*Henry L. Jost* for relator.

Relator's constitutional rights are infringed and abridged by this ordinance, and are necessarily involved in the decision and judgment of its cause. There was no reason for it to complain of any denial in the circuit court, since that tribunal accorded to it the full protection of the Constitution. Its constitutional guarantees were denied for the first time by the Court of Appeals, and it is now entitled to have its cause transferred to the Supreme Court. State ex rel. v. Smith, 141 Mo. 1; State ex rel. v. Smith, 152 Mo. 444; Plack v. Railroad, 140 Mo. 634; Collins v. Ins. Co., 84 Mo. App. 555.

*R. J. Ingraham* and *L. E. Durham* for respondents.

No constitutional question was properly raised in the case of Loan Co. v. Kent, city auditor. It clearly appears from the record of that case that such question was not presented to or passed upon by the trial court. In the alternative writ, the return thereto and in the answer filed by the Loan Company, there is no hint of any constitutional question whatever. Nowhere in the trial of the cause was any such question mentioned. The objection of counsel for the loan company, relator herein to the introduction in evidence of the city ordinance involved, does not even intimate that said ordinance in any way conflicts with the State or Federal Constitutions. The first time that any mention was made that the case involved a constitutional question, was in the briefs of counsel for the loan company, filed in the Court of Appeals. Such question can not be injected into a case by the briefs and argument of counsel. Kirkwood v. Johnson, 148 Mo. 632; Vansandt v. Hobbs,

153 Mo. 655; Commission Co. v. Railroad, 157 Mo. 518; Bennett v. Railroad, 105 Mo. 642; Turley v. Barnes, 131 Mo. 548; Hardin v. City of Carthage, 171 Mo. 442.

BRACE, J.—This is an original proceeding by mandamus to compel the respondents, the judges of the Kansas City Court of Appeals, to transfer to this court the case of the State of Missouri ex rel. Kansas City Loan Guarantee Company v. D. V. Kent auditor of Kansas City, appellant, on the ground that jurisdiction to hear and determine the appeal is in this, and not in that court. The return of the respondents to the alternative writ asserts jurisdiction of the appeal in that court.

The facts of the case are as follows:

The relator instituted in the circuit court of Jackson county, a proceeding by mandamus to compel the said Kent, city auditor, to deliver to the relator a city warrant drawn in favor of Dock Wilson for the sum of $8.75, of which it claimed to be the assignee. The auditor in his return to the alternative writ set up several defenses, among others, ''that he is prohibited by the terms of ordinance No. 11125, approved February 10, 1899, from paying wages of city employees to any other persons than the said employees and from delivering warrants to any other person than the said employee.'' The answer of the relator to the return was as follows:

''1. That ordinance No. 11125 of the city of Kansas City, pleaded by respondent, especially sections 2 and 3 of said ordinance, is void, and of no binding effect upon respondent to prevent him from delivering said city warrants to relator as directed by the alternative writ herein.

''2. For answer to that part of respondent's return embraced in all paragraphs on page 3 of said return, relator denies each and every allegation therein contained.''

On the trial the respondent (auditor) offered said

ordinance in evidence, to the introduction of which relator objected "for the reason that said ordinance was null and void, and of no binding effect on respondent so as to prevent him from delivering the warrant in controversy to the relator." The objection was overruled and relator excepted. After hearing the evidence the court found the issues for the relator, awarded a peremptory writ of mandamus, and the auditor after unsuccessful motions for new trial and in arrest of judgment appealed.

In due course the case came on for hearing in the Court of Appeals, was argued and submitted, the judgment of the circuit court reversed, and its peremptory writ quashed, in pursuance of an opinion by ELLISON, J., in which the other judges concurred, reported in 71 S. W. 1066. Thereupon in due time relator filed motions for rehearing and to transfer the cause to this court, which motions having been overruled this proceeding was instituted, in which it is claimed that the appeal is within the jurisdiction of this court because it is a case "involving the construction of the Constitution of the United States and of this State."

In support of this contention it is argued that said ordinance is in conflict with sections 4 and 30 of article 2; section 13 of article 4, and section 23 of article 9 of the Constitution of Missouri, with the fourteenth amendment of the Constitution of the United States, and with section 895, Revised Statutes 1899.

If this ordinance is in fact thus obnoxious to the organic law, it is unfortunate for the relator in this proceeding that his counsel did not sooner discover its condition, and point the trial court, in the case now sought to be removed to this court, to some of these constitutional infirmities in the course of its progress through that court. For it is well-settled law that the court to which an appeal must go, is determined solely by the record of the case made in the trial court, and in order to bring the appeal within the jurisdiction of

this court on the ground of "constitutional construction involved" it must clearly appear from that record either that a constitutional construction was essential to the determination of the case (State ex rel. v. Smith, 152 Mo. 444; State ex rel. v. Smith, 141 Mo. 1; State ex rel. Curtice v. Smith, 177 Mo. 69), or that the protection of the Constitution was expressly invoked, was denied by the trial court, and its action in that behalf excepted to, and saved for review in some appropriate manner by the losing party. [Bennett v. Railroad, 105 Mo. 642; Baldwin v. Fries, 103 Mo. 286; Turley v. Barnes, 131 Mo. 548; Browning v. Powers, 142 Mo. 322; Hulett v. Railroad, 145 Mo. 35; Ash v. City of Independence, 145 Mo. 120, 169 Mo. 77; Parlin & Orendorff Co. v. Hord, 145 Mo. 117; Vaughan v. Railroad, 145 Mo. 57; Town of Kirkwood v. Johnson, 148 Mo. 632; Shewalter v. Railroad, 152 Mo. 544; Vansandt v. Hobbs, 153 Mo. 655; Kirkwood v. Meramec Highlands Co., 160 Mo. 111; Hardin v. City of Carthage, 171 Mo. 442; Brown v. Railroad, 175 Mo. 185.]

The general allegation in the relator's answer to the return, and in his objection to the introduction of the ordinance in evidence that the same was null and void, did not necessarily challenge the constitutionality of the ordinance, since such a charge would as well include other grounds of invalidity, such as *ultra vires,* contrary to the statute, etc., etc., and even if that were not so such a general allegation could not inject a constitutional question into the case. [Hulett v. Railroad, supra; Ash v. City of Independence, supra, and cases cited.] Otherwise there is not the shadow of a constitutional question in the case, none was raised therein, none decided, and no constitutional construction was essential to the decision of the case, as is evident upon the face of the circuit court record, and of the excellent opinion delivered in the Court of Appeals. The alternative writ should be quashed, and a peremptory writ denied, and it is so ordered.

All concur.