ADA H. HARDWICKE, Appellant, v. ALBERT C. WURMSER, Appellant.

**Division One, March 2, 1915.**

**APPELLATE JURISDICTION: Constitutional Question: Raised for First Time in Appellate Court.** If no constitutional question was presented to the trial court for its determination, no such question is in the record, and none can thereafter be injected into the case. If the appellate jurisdiction, at the time the appeal was taken, was in the Court of Appeals, appellate jurisdiction cannot be conferred upon the Supreme Court by a motion for a rehearing filed in the Court of Appeals, after it has reversed the judgment, raising the point that the opinion therein is violative of both the Federal and State Constitution in certain specified matters.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Pence & Sanford* for plaintiff.

(1) Courts of Appeals have no jurisdiction of appeals involving the construction of the Constitution of the United States, or of this State. Constitution of Missouri, art. 6, sec. 12, and Sec. 5. of the Amendment to said article. (2) A cause involving the faith or credit that shall be given to the public acts, records or judicial proceedings of another State, or the legal effect thereof, involves the construction of the Constitution of the United States; and such constitutional question becomes involved whenever the faith, credit or legal effect of such an act, record or judicial proceeding becomes an issue. Green v. Van Buskirk, 5 Wall. 307, 7 Wall. 139; Crapo v. Kelly, 16 Wall. 610; Carpenter v. Strange, 141 U. S. 87; Tel. Co. v. Purdy, 162 U. S. 334; Huntington v. Attull, 146 U. S. 657;

Dupasseur v. Rocheneau, 21 Wall. 130; Ins. Co. v. Murphy, 111 U. S. 738. (3) A constitutional question is necessarily involved, whenever the conclusion reached could only be arrived at after construction of the Constitution. State ex rel. v. Smith, 141 Mo. 1; State ex rel. v. Smith, 152 Mo. 444; State ex rel. v. Smith, 176 Mo. 44; State ex rel. v. Smith, 177 Mo. 69.

*Scarritt, Scarritt & Jones* for defendant.

GRAVES, P. J.—This is an action in equity brought in the circuit court of Jackson county, whereby the plaintiff seeks to charge the defendant as a trustee and compel him to account to her for certain profits or proceeds in the purchase and sale of certain real estate in which she claims an interest. The plaintiff had a judgment in the circuit court for $899.86. Both parties appealed to the Kansas City Court of Appeals. By unanimous opinion the Kansas City Court of Appeals held that plaintiff under her own proof was not entitled to recover at all. This disposed of both appeals. Motion for rehearing was sustained and the cause reheard, and in a second opinion that court adhered to its former judgment that the judgment of plaintiff be simply reversed, thus again disposing of both appeals—and adversely to plaintiff throughout.

The character of the suit and the amount involved does not give this court jurisdiction. The appellate jurisdiction was in the Kansas City Court of Appeals. No constitutional question was raised in any way in the trial court, nor in the Court of Appeals, until the plaintiff filed her last motion for rehearing in the Kansas City Court of Appeals. In that motion it is claimed that the opinion of the Court of Appeals does violence to both State and Federal Constitutions, specifying. Upon the motion of the plaintiff the Kansas City Court of Appeals transferred the case (both appeals) to this court.

Defendant has moved to retransfer to the Kansas City Court of Appeals, and that motion we have taken with the case. This motion to retransfer to the Kansas City Court of Appeals, we think is well taken and should be sustained.

In Trust Co. v. Donnell, 145 Mo. 431, this court has said:

"Action on special tax bill for $82.41 with ten per cent. interest, plaintiff being the assignee of such bill, and judgment for defendant.

"No constitutional question was raised in the trial court nor in the Kansas City Court of Appeals (which court affirmed the judgment of the lower court), until in a motion for rehearing, which motion was denied by the Kansas City Court of Appeals, and thereupon that court transferred this cause to this court 'for its determination.'

"Inasmuch as no constitutional question was presented to the court of first instance for its determination, no such question is contained in the record; we therefore grant the motion filed by defendant to transfer this cause to the Kansas City Court of Appeals from whence it came. All concur."

Again in Bennett v. Railroad, 105 Mo. 642, we had previously given an outline of the law on the point involved. In the Bennett case the St. Louis Court of Appeals had transferred the case here on the ground that a constitutional question was involved. In retransferring the case to the St. Louis Court of Appeals, this court said:

"The question here presented is whether this court or the St. Louis Court of Appeals has appellate jurisdiction of the subject-matter of this case. It is quite clear that the jurisdiction is to be determined, not from what has been done in the appellate court, but from the record as it was when the appeal was taken. The jurisdiction is then fixed, and nothing the parties can do afterwards will change it.

"The proposition then is, did the record in this case, when the appeal was allowed, present a question involving the construction of the Constitution of the United States, or of this State. This must be determined by an inspection of the record itself as it came from the St. Louis Circuit Court.

"The word involving as used by the Constitution, in fixing the appellate jurisdiction of this court, implies that a constitutional question was raised in and submitted to the trial court, and that such court had the opportunity to pass upon it. It cannot be laid down by rule how every such question must be raised in the trial court, but it should, at least, be fairly and directly presented by some of the methods recognized by the practice and procedure of the court. [State ex rel. Campbell v. St. Louis Court of Appeals, 97 Mo. 278; Railroad v. Seifert, 41 Mo. App. 37.]

"An examination of the record of proceedings of the circuit court of the city of St. Louis fails to show that any question involving the construction of the Constitution of the United States, or of this State, was raised. This court has no jurisdiction of the appeal. The cause is remanded to the St. Louis Court of Appeals."

In the later case of Brown v. M. K. & T. Ry. Co., 175 Mo. l. c. 188, this court said:

"But in order that the case can involve a constitutional question, the protection of the Constitution must be timely and properly invoked in the trial court and that protection must have been denied to the party invoking it, by that court, and such party must have been the losing party in the trial court, and proper exception saved to the ruling of the trial court. [Ash v. Independence, 145 Mo. 120; Ibid., 169 Mo. 77; Parlin & Orendorff Co. v. Hoard, 145 Mo. 117; Vaughn v. Railroad, 145 Mo. l. c. 61; Shewalter v. Railroad, 152 Mo. 544; Coleman v. Cole, 158 Mo. l. c. 258.]

"The constitutional protection must be properly invoked in the trial court. It cannot be invoked for the first time in an appellate court. [Vaughn v. Railroad, 145 Mo. l. c. 61; Pim v. St. Louis, 165 U. S. 273; Oxley Stave Co. v. Butler Co., 166 U. S. 648.]"

It is clear that under these authorities this cause should not have been transferred to this court. The motion to retransfer is sustained and the cause, and both appeals therein, are therefore retransferred to the Kansas City Court of Appeals. All concur.