## LYNNE R. LITTLEFIELD, Appellant, v. EDWIN C. LITTLEFIELD.

### Division Two, October 9, 1917.

**APPELLATE JURISDICTION: Constitutional Question: Not Raised at Trial.** Unless a constitutional question was both timely raised and

decided by the trial court and preserved for review no such question can be considered or decided in the appellate court. A court of appeals is not authorized to transfer a case to the Supreme Court on the ground that to properly determine the case it would be compelled to decide a constitutional question, where no such question had been raised by either party.

Appeal from Johnson Circuit Court.—*Hon. A. H. Whitsett*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Geo. W. Barnett* and *C. C. Kelly* for appellant.

*N. M. Bradley* and *J. W. Suddath & Son* for respondent.

WALKER, P. J.—This is a suit in equity brought in the circuit court of Johnson County to annul a decree of divorce alleged to have been obtained through fraud. A trial resulted in a finding for the defendant, from which the plaintiff appealed to the Kansas City Court of Appeals.

The right of action in this case rests upon our ruling in Dorrance v. Dorrance, 242 Mo. 625, in which we held that Section 2381, Revised Statutes 1909, should be so construed as to exclude from its purview an equitable action for relief against fraudulent judgments of divorce, and hence that said section was unconstitutional in so far as it was sought to apply it to this class of cases.

The Court of Appeals on its own motion upon an examination of the record, no constitutional question having been raised by either party, certified the case to this court on the ground that in determining the same it would be compelled to decide a constitutional question and that it was therefore divested of jurisdiction.

Appellate proceedings in the Supreme Court and the Court of Appeals are regulated by well defined rules of procedure based upon constitutional and statutory provisions. The jurisdiction of these courts, so far as the consideration of appealed cases is concerned, is limited to

a review of the proceedings of trial courts as disclosed by the records of the latter. The proper preservation, therefore, of such proceedings is a prerequisite to the right of review, in which is included jurisdiction to hear and determine. The provision of the State Constitution which gives the Supreme Court exclusive jurisdiction of appeals in cases involving a construction of the State or Federal Constitution (Sec. 5, Amdt. of 1884 to Art. 6, Constitution Mo.) while general in its terms and appearing to preclude a review by the Courts of Appeals under any circumstances of a case in which it may be made to appear that the consideration of a constitutional question is involved, is subject to certain well defined limitations, a conformity with which, under numerous rulings of this court, is necessary in determining its jurisdiction. In defining these limitations we have held that the record should show that the constitutional question was raised in the trial court. [Bennett v. Railroad, 105 Mo. 642.] Our definitive declaration in that case, which is but a type of many others, since determined, of like import, was that the question of appellate jurisdiction was not to be ascertained from anything that had been done in the appellate court, but from the record as it was when the appeal was taken; that the record is then fixed and subsequent action cannot alter it. As a *sequitur* to this reasoning the conclusion was reached that unless the record as existing at the time of the appeal showed that a constitutional question was fairly and directly raised in a trial court under a recognized method of procedure, the question was not so involved as to confer jurisdiction upon this court.

In State ex rel. K. C. Loan Guarantee Co. v. Smith, 176 Mo. 44, in which will be found cited numerous cases (p. 48) asserting a like doctrine, we held, in express approval of the Bennett case, supra, that in determining the court to which the appeal must go or in fixing the jurisdiction, it must appear from the record made in the trial court that a constitutional question was essential to the determination of the case or that the protection of the Constitution, expressly invoked, was denied by the trial

court, that its action in that behalf was excepted to and the exception saved in an appropriate manner.

In Shell v. Pac. Ry. Co., 202 Mo. 339, a constitutional question was raised by the defendant's answer and thereafter abandoned, as the record discloses no reference thereto in the progress of the trial, either in the introduction of testimony or the giving or refusing of instructions or the motion for a new trial and the trial court was not requested to rule upon a constitutional question. From an adverse judgment defendant appealed to the Kansas City Court of Appeals. In the presentation of his case there the defendant neither in his brief nor argument made any reference to there being a constitutional question in the case. The Court of Appeals, however, on its own motion certified the case to the Supreme Court on the alleged ground that a constitutional question was involved. This court, in remanding the case to the Court of Appeals, held that it was obvious that all of the constitutional questions raised in the answer had been eliminated on the trial and that they were not there for determination; that to give the Supreme Court jurisdiction of an appeal on the ground that a constitutional question was involved it must appear that the same was raised at the first opportunity in the due course of ordinary procedure. [Lohmeyer v. Cordage Co., 214 Mo. 685; Hartzler v. Met. Street Ry. Co., 218 Mo. 562; Hanks v. Hanks, 218 Mo. 670; State v. Boehler, 220 Mo. 4; Miller v. Connor, 250 Mo. 677; King v. Estate of Stotts, 254 Mo. 198; Moore v. United Rys. Co., 256 Mo. 165; Trust Co. v. Lyon, 195 S. W. 1032; State v. Swift & Co., 195 S. W. 996; Hardwicke v. Wurmser, 264 Mo. 138.]

Section 3938, Revised Statutes 1909, providing for the transfer of cases from the Supreme Court to the Court of Appeals and *vice versa,* should be construed in conformity with the rule as above announced so far as the presence of constitutional questions therein is concerned. Rulings of Courts of Appeals, therefore, are in error which hold that such courts in determining their jurisdiction in appealed cases may settle same whether the question in-

volved has been raised by the parties thereto. Bingaman v. Hannah, 171 Mo. App. 186, is a case of this type.

As we have shown, if the question has not been planted in the record and continued therein on appeal it can in no way affect the jurisdiction; and however much a Court of Appeals may be impressed with its presence, such presence is only academic so far as a determination of a case is concerned.

In the instant case there is nothing to indicate that a constitutional question was raised by either party; upon an examination of the record the court came to the conclusion that it was necessary to the determination of the case to consider a constitutional question, which was erroneous because same had not been preserved in the record and was therefore not a ground of complaint.

In this view of the case the jurisdiction is properly in the Kansas City Court of Appeals and this cause is therefore ordered transferred to that tribunal for final determination. All concur.