STATE OF MISSOURI at the relation of W. E. ROSE ET AL., Appellants, v. CITY OF WEBB CITY ET AL.—64 S. W. (2d) 597.

Division One, October 19, 1933.

*S. W. Bates* for appellants.

*Morrison Pritchett, T. E. Sinnard* and *A. G. Young* for respondents.

HAYS, J.—The plaintiffs, property-owning, taxpaying citizens of Webb City, which contains less than 25,000 inhabitants, seek by this proceeding to enjoin the defendants, Webb City, the mayor and councilmen thereof, from levying, extending or collecting any taxes under a certain ordinance of said city purporting to authorize such taxation for the support of free public band concerts to be given in said city. The defendants prevailed in the trial below and the plaintiffs appealed from the decree dismissing plaintiffs' bill.

The assailed ordinance, No. 2583, was enacted June 25, 1930, under purported authority of Session Acts of 1927, page 137, to be found in Sections 7278-7281 of the Revised Statutes of 1929, and of a, municipal election held pursuant thereto. The Act of 1927 purports to authorize any city, village or town having a population of less than 25,000 inhabitants "to levy a tax for use in providing a fund·for free band concerts, or equivalent musical service, upon occasions of public importance," by one of the two methods specified in the act. Under one of the methods such tax may be levied when initiated by a petition signed by ten per cent of the qualified electors; the proposition so initiated is required to be submitted at a general or special municipal election and a majority of the votes thereat is sufficient to carry the proposition, and it thereupon becomes the duty of the mayor and council to levy the tax so petitioned for and voted.

Plaintiffs' right to the relief sought in their bill, or petition, is predicated upon two grounds, separate and distinct yet joined in one count, namely: (1) The statute, in pursuance of which said ordinance levying the tax was enacted, contravenes certain provisions of our State Constitution; which provisions and the nature thereof are properly set out in the bill in conformity with established rules of pleading pertaining to the raising of constitutional questions. (2) "The election held under the provisions of the aforesaid act was illegal and void for the reason that there was no proper resolution passed by the city council calling said election; that there was no proper petition filed with said council or the city clerk initiating said election; that there was no petition filed" containing the requisite number of names of qualified voters, no proper record of the filing of the same, no canvass made by the council of the election returns, "and no valid election held on such proposition as provided in the

*Act of 1927,* . . . and the pretended *tax levied* under said ordinance *is therefore illegal and void."* (Italics ours.)

The answer of the respondents contains a general denial and alleges in substance that all of the proceedings required by said act were duly initiated and duly carried out in a manner set out in detail; that pursuant to due call and notice said proposition was submitted at a general municipal election, the vote duly canvassed and properly found and declared to have been carried by a certain majority of the votes of the qualified voters; and that said ordinance levying said tax pursuant to the result of said election was duly enacted. The answer also pleaded laches.

The reply contained a general denial and specific denials of the matter affirmatively set up in the answer.

The exception record contains some nine pages of oral and municipal record evidence all of which pertains alone to the issues joined upon the initiation of the election, the acts done by defendants in pursuance thereof, the election, the canvass of the returns, and so forth, and the enactment of the ordinance, as such issue was tendered in that portion of plaintiffs' bill designated supra as "(2)."

There is no mention made in the decree of any constitutional question in the trial, although there is in general terms a finding of the issues for the defendants. Nor does the motion for new trial filed by appellants refer to any constitutional question or call attention to any provision of the Constitution as being involved.

Before the submission of the cause in this court the respondents filed herein a motion to transfer the cause to the Springfield Court of Appeals on the alleged ground that this court is without jurisdiction, because the constitutional questions set out in the petition were, for want of preservation in the motion for new trial, waived or abandoned. This motion was by the parties submitted with the case. It therefore presents the first, if not the only, question for our determination.

Upon this question the position of appellants is stated in the language of their counsel as follows: "Plaintiffs, by their petition, grounded their action on the alleged unconstitutionality of the act in question; defendants by their answer contended and yet contend that the act is constitutional; the trial court could not have determined the case without passing upon the constitutional question involved. In such case, with the assignment of errors properly setting out the constitutional questions, the brief and argument going to these questions, the appeal lies to the Supreme Court, and even though no special mention is made of such questions in the motion for new trial it will be assumed the trial court did pass upon them and this court will retain jurisdiction."

One of the propositions included in appellants' grounds as quoted may be disposed of summarily. The briefing of the case and

the raising of the constitutional questions by assignment of errors could have no greater effect than to serve a jurisdiction already obtained. Unless some constitutional question was planted in the record as made in the trial court and continued therein on appeal this court is without jurisdiction. [Littlefield v. Littlefield, 272 Mo. 163, 167, 197 S. W. 1057.]

In order to bring this appeal within our appellate jurisdiction on constitutional grounds, "It must clearly appear from that record either that a constitutional construction was essential to the determination of the case (State ex rel. v. Smith, 152 Mo. 444, 54 S. W. 218; State ex rel. v. Smith, 141 Mo. 1, 41 S. W. 906; State ex rel. Curtice v. Smith, 177 Mo. 69, 75 S. W. 625), or that the protection of the Constitution was expressly invoked, was denied by the trial court, and its action in that behalf excepted to, and saved for review in some appropriate manner by the losing party." [State ex rel. v. Smith, 176 Mo. 44, 48, 75 S. W. 468.]

The rule as thus comprehensively stated in the last mentioned Smith case was extracted from our previous decisions on the subject. It runs through divers intermediate decisions and is reiterated in varying form in our recent cases, including Syz v. Milk Wagon Drivers' Union, 323 Mo. 130, 1. c. 137, 18 S. W. (2d) 441; State ex rel. Schuler et al. v. Nolte et al., 315 Mo. 84, 1. c. 90, 91, 285 S. W. 501; and Sheets v. Iowa State Life Ins. Co., 226 Mo. 1. c. 618-619, 126 S. W. 413-415, the specially mentioned cases being cited and relied upon by the appellants, but having no application here as regards the first branch of said rule because they were ruled upon records distinctly different from the record now before us. They do, however, in their discriminating application of the remainder or main branch of the rule point out that the application of the first or complementary branch proceeds upon the assumption that "either directly or by inexorable implications a constitutional question must be involved in the rendition of the judgment and decision against appellant" (Lohmeyer v. Cordage Co., 214 Mo. 1. c. 690), "or obtruded itself upon the judicial notice with such insistent demand for recognition that consideration of it could not be escaped (Strother v. Railroad, 274 Mo. 1. c. 284)," before such question can be said to be "involved." And if it is not thus involved, it should of course, under our appellate procedure, have been saved and kept alive by being incorporated in appellants' motion for new trial, which, as stated above, was not done in this case.

Among our cases applying this branch of the rule we are cited to none, and have found none, decided on a record having much resemblance to the record now before us. The leading cases are those cited in State ex rel. v. Smith, 176 Mo. 44, 75 S. W. 468, in the quotation appearing supra. The first among them, State ex rel. v. Smith, 152 Mo. 444, 54 S. W. 218, involved but one proposition of law. The

question presented was a conflict between a statute and a provision of the Kansas City charter. The court held that the issue as to which should prevail over the other could be decided by only a construction of the Constitution. The next, State ex rel. v. Smith, 141 Mo. 1, 41 S. W. 906 (en Banc), was tried below upon an agreed statement of facts which showed that the *sole* defense rested on a claim that a vested right under the organic law was invaded and the trial court decided in favor of that defense. It was held by a majority of the judges that in such a case—on agreed facts—any proposition of law was available to either party on appeal, though no specific reference was made in the record to the Constitution.

The third, State ex rel. v. Smith, 177 Mo. 69, 75 S. W. 625, was an appeal of which the appellate jurisdiction was determined to be in this court by reason of a constitutional question inhering in the record of the trial court. The decision turned on a certain provision contained in an ordinance enacted pursuant to the charter of Kansas City. If the provision was constitutional in its entirety, as claimed by the plaintiff, certain defenses made by defendant were barred. The court refused plaintiff's instruction which declared the provision valid *in toto*, and rendered judgment for plaintiff. The defendant appealed. The court held that the case could not be decided in favor of the defendant without necessarily deciding the constitutionality of the charter provision, and hence the appellate jurisdiction was in this court.

The distinguishing feature of these cases was their involvement, respectively, of but one issue, that of constitutional construction, which alone was decisive of the case. The essentiality of singleness, or entirety, of the issues, as determining whether a constitutional question inheres in the record or whether it needs to be specifically saved and kept alive under the other branch of the rule, finds illustration in the case of Macon County Levee District v. Goodson (Mo.), 14 S. W. (2d) 561. That was an action to collect a drainage tax levied on defendant's land. The answer in the case, *among other defenses*, raised a constitutional question, but it was not preserved in the motion for new trial. The court held that it was therefore without jurisdiction of the appeal and transferred the same to the Kansas City Court of Appeals. Assuming that ruling to be correct, and applying it first, speculatively: If, instead of bringing this suit, the present appellants had suffered an action to be brought against them respectively for the taxes in question and judgment had gone against them upon answers tendering as defenses the same matters here pleaded in appellants' bill, and appeal had been taken, as here, without preserving the constitutional question in their motions for new trial, they would meet on appeal the same fate Goodson met in the case cited supra. It is axiomatic that equality is equity, and it would seem that the essential rights of the parties should be the

same in the instant suit as in the case supposed. In each instance the same constitutional questions "inhere" or were "planted" in the record. Why and when did they cease to inhere in the supposed case and in the Goodson case? *All issues* were decided against the defendants there as effectually as the *sole issue* was decided in the Smith cases supra. The constitutional question was, in each and all, in the record proper. Yet it was only temporarily potent in Goodson's case and permanently so in the Smith case. It is therefore evident that the planting of a constitutional question in the record proper is not necessarily a factor in its preservation. Such a question may even in a proper instance be saved by special demurrer, if the latter be not abandoned by answering over. [The Syz case, supra.] But, as held in Goodson's case, a very different question would arise should the demurrant answer over, as he might, raising other defenses in addition to the defense of constitutional question. And likewise such special demurrer based upon a constitutional ground alone, could not prevail if the petition alleges a ground or grounds in addition to the constitutional one.

In this connection it is perhaps not amiss to note, moreover, that in the application of the rule under discussion, the cases proceeding, as they do, upon the fact of inescapable inherency, indulge the assumption the trial court did pass on the constitutional question, irrespective of whether it was pleaded. [The Syz case, supra, l. c. 137.] It seems clear from the foregoing considerations that such assumption should not be indulged in cases containing plural issues. In these latter the same rule of practice should obtain as that which obtains generally in decisions rendered upon pleadings bottomed upon two or more grounds. With regard to motions of that character, on a record entry simply reciting that such motions were sustained, this division, by majority opinion, held that it is not presumed that the court sustained the motion upon both grounds, this court saying: "It is sufficient for the court to say that the motion is sustained, and if there be any good ground in the motion, the judgment *nisi* will be sustained." [Scott v. Taylor, 231 Mo. 654, l. c. 675, 132 S. W. 1149.] However, we do not undertake to apply this doctrine to the record under review, since the decree, though in mere general and stereotype form, recites a finding of the *issues* for defendants. While this form of decree, as is well known to bench and bar, is used indiscriminately as applicable to any general finding of the court, whether made upon a single issue or plural issues, yet theoretically there perhaps thus appears a finding on both grounds pleaded, and the record will be so considered.

This record is a peculiar one; peculiar with reference to form, through no discernible fault of the trial court. Appellants' bill is of a dual nature. It conjoins two distinct and unconnected grounds of recovery, proof of either of which would, if pleaded alone, warrant

a recovery. Also the bill in pleading the second ground concedes, by negative pregnant, the constitutionality of the statute assailed in the pleading of the first ground, and proceeds alone upon that basis of recovery.

. Notwithstanding the respondents answered the bill, the appellants are responsible for the conduct of their own case through the trial court upon a double pleading which contained an admission by implication that, for some purposes of the case, the statute attacked was valid. It is the court's action, not the respondents' attitude, that is complained of. So far as shown by the exception record the contest was waged on the second ground of action stated and no reference was made to the first. The motion for new trial made no reference to the constitutional question, while charging specifically and with particularity errors made in the proceeding which related solely to the other ground of suit.

In view of the equivocal, and perhaps to the trial judge misleading, attitude and conduct of the appellants throughout the proceedings, is there any sound reason which would require or justify a holding that said constitutional questions were self-preservative? The courts do not attribute to constitutional questions injected any magical or different potency of self-preservation than to other legal questions injected into a case. The attitude of the courts is fittingly expressed in State ex rel. v. Nolte, 315 Mo. 1. c. 91, 285 S. W. 501, thus: "A very substantial, wholesome and cogent reason of general application does exist in the regard which the judiciary properly holds for the acts of the legislative branch of government, and the consequent presumption which should as long as possible be indulged that such acts are valid."

Self-induced disadvantage suffered by the appellants in the premises is not on this record available as error. The doctrine of estoppel prevents in the forms of waiver and abandonment.

From the foregoing considerations it is our conclusion that in the circumstances of this case it was incumbent upon the appellants to preserve their constitutional questions by specifically incorporating them in their motion for a new trial. There being no other grounds than those suggested hereinabove upon which jurisdiction herein could be founded, the cause should be transferred to the Springfield Court of Appeals. It is so ordered. All concur.